IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| S.W., by his parents and next friends SETH WOLFE and AMANDA WOLFE, and J.S., by his parents and next friends, JEFFREY SMITH and RENAE SMITH,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LOUDOUN COUNTY SCHOOL BOARD,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   1:25-cv-1536 (LMB/WEF)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

　　The Court has reviewed the verified twelve-count Complaint raising multiple claims of deprivation of First Amendment rights protected by the United States and Virginia Constitutions, sex-based discrimination, denial of due process, and interference with plaintiffs' religious beliefs, brought by two 11th grade students through their parents and next friends ("plaintiffs") against the Loudoun County School Board ("defendant"). Plaintiffs have filed an Emergency Motion for Ex Parte Temporary Restraining Order ("Motion") seeking an order prohibiting defendant from continuing to implement a 10-day suspension of S.W., which began today.

　　For a court to issue a temporary restraining order, a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In each case, the court must "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Doe v. Pittsylvania County, 842

F. Supp. 2d 927, 930 (W.D. Va. 2012) (quoting <u>Amoco Prod. Co. v. Gambell</u>, 480 U.S. 531, 542 (1987)). Where the facts show that immediate and irreparable injury will result, a temporary restraining order may be issued <u>ex parte</u>. Fed. R. Civ. P. 65(b).

The loss of 10 days of in-person school early in the school year could have serious negative effects on S.W., and it appears from the record before the Court that S.W. has not had contact with the complaining student or continued communicating about that student. Therefore, the Court finds that the balance of equities tips in S.W.'s favor, given that S.W. is likely to suffer irreparable harm in the absence of a temporary restraining order holding S.W.'s 10-day suspension in abeyance. The Court also finds that the public interest is best served by ensuring high school students remain in school and receive adequate process before being suspended.

Although the Court is not certain that S.W. will succeed on the merits, the Court finds many of the allegations in the Complaint to be troubling, particularly defendant's offering a private changing area to plaintiffs but not to the female student accessing the male locker room and defendant's dismissal of the accusations against a Muslim student who seems to have engaged in similar activity to plaintiffs. Accordingly, S.W.'s Motion [Dkt. No. 3] is provisionally GRANTED, and it is hereby

ORDERED that the Loudoun County School Board immediately place the remainder of S.W.'s 10-day suspension in abeyance, permit S.W. back into school starting on Wednesday, September 17, 2025, and allow him to continue with in-person education until the issues raised in this Complaint are resolved; and it is further

ORDERED that counsel for plaintiffs show cause as to why J.S. should not be dismissed from this civil action given that he is no longer attending a Loudoun County public school; and it

is further

ORDERED that a hearing to determine whether a preliminary injunction should be entered will be held on Friday, September 19, 2025, unless the parties are able to agree to a further abeyance of the suspension while this civil action is fully litigated.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 16th day of September, 2025.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge