IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| S.W., by his parents and next friends,        ) | |
|     SETH WOLFE and AMANDA WOLFE, et al.,   ) | |
|         Plaintiffs,                              ) | |
| v.                                             ) | Civil Action No. 1:25-cv-1536 |
|                                                 ) | |
| LOUDOUN COUNTY SCHOOL BOARD,                  ) | |
|                                                 ) | |
|         Defendant.                               ) | |

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO CONTINUE HEARING ON MOTION FOR PRELIMINARY INJUNCTION FILED BY PLAINTIFFS**

COMES NOW Defendant, Loudoun County School Board ("LCSB"), by counsel, and, in support of its Emergency Motion to Continue Hearing on Motion for Preliminary Injunction filed by Plaintiffs, states as follows:

**INTRODUCTION**

On Monday, September 15, 2025, Plaintiffs filed a 35 page, 11 count Complaint asserting that LCSB has engaged in acts which have violated Plaintiffs' rights under the United States and Virginia Constitution. The claims assert violations of free speech rights and religious freedom and accuse LCSB of sexual discrimination and violations of due process. In the Complaint, in addition to seeking monetary relief, Plaintiffs requested a temporary restraining order ("TRO") and a preliminary and permanent injunction. Plaintiffs docketed a hearing on the TRO for Friday, September 19, 2025. However, on September 16, 2025, this court entered an order (ECF No. 10) which provisionally granted the TRO and "ORDERED that the Loudoun County School Board immediately place the remainder of S.W.'s 10-day suspension in abeyance, permit S.W. back into school starting on Wednesday, September 17, 2025, and allow him to continue with in-person

1

education until the issues raised in this Complaint are resolved." *Id.*, p. 2. The court's order further set a hearing on Friday, September 19, 2025, on Plaintiffs' motion for a preliminary injunction, "unless the parties are able to agree to a further abeyance of the suspension while this civil action is fully litigated." *Id.* Upon learning of the court's order, Division Counsel for LCSB immediately undertook the process of retaining counsel to defend it in this litigation. LCSB believed that it would be represented by a firm out of Richmond, but that firm advised today of its inability to handle this matter on such short notice given the hearing set for Friday, September 19, 2025. Division Counsel therefore reached out to undersigned counsel this morning to request that she handle the defense of this matter. LCSB has acted swiftly in responding to litigation which has been filed only this week, with which it has not been served, but it is not in a position to properly oppose a motion for preliminary injunction which was filed only three (3) days ago. Division Counsel for LCSB reached out to Plaintiffs' counsel to request an agreement to continue the hearing on the preliminary injunction, fully expecting an agreement would be reached due to the fact that this court has entered a TRO, and Plaintiffs therefore will suffer no prejudice from a short continuance, but Plaintiffs' counsel refused to consent. Accordingly, LCSB has no option but to ask this court to continue the hearing on the motion for a preliminary injunction to allow LCSB to adequately address the 35 page, 11 count Complaint and set forth its legal position in opposition to the motion. Otherwise, LCSB will be extremely prejudiced in defending against the requested injunction.

## **LAW AND ARGUMENT**

A preliminary injunction is an extraordinary remedy that is granted at the discretion of the court. Because a preliminary injunction is unlimited in duration, its entry always requires notice

to the opposing party **sufficient to give that party an opportunity to prepare an opposition to entry of an injunction**. See Fed. R. Civ. P. 65(a)(1); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No.* 70, 415 U.S. 423, 433 n.7, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974) (notice required by Rule 65 is intended to give defendant "fair opportunity to oppose the application and to prepare for such opposition."); *Cine Corp. v. Jarrad*, 203 F.3d 312, 319 (4th Cir. 2000) (citing *Granny Goose Foods*, 415 U.S. at 433 n.7) ("[b]ecause a preliminary injunction is unlimited in duration, its entry always requires notice to the opposing party sufficient to give that party an opportunity to prepare an opposition to the entry of an injunction."). Further:

> [i]n the specific and time-sensitive context of interlocutory injunctions, in virtually every case the court establishes the timing of hearings based on the **immediacy of the factual circumstances and the relevant equities of the parties**. Moreover, whether an interlocutory injunction entered is labeled a TRO or a preliminary injunction is not of particular moment, **so long as the party opposing the injunction is given notice and an opportunity to oppose that is commensurate with the duration of the injunction.** Thus, an interlocutory injunction entered without notice may extend only ten days with a possible ten-day extension, see Fed. R. Civ. P. 65(b), whereas an interlocutory injunction with an unlimited term may be entered only after giving notice **sufficient to enable the opposing party to prepare an opposition**, see Fed. R. Civ. P. 65(a).

*Cine Corp.,* 203 F.3d at 319 (emphasis added).

As reflected above, Plaintiffs seek to have the court enter a preliminary injunction in this case until the conclusion of the litigation. Although Plaintiffs ask for a very lengthy preliminary injunction, they demand a hearing on the motion just four (4) days after it was filed and just three (3) days after the court docketed the hearing. Although LCSB has acted swiftly to retain counsel to attend to this matter, LCSB retained counsel only this morning, and it is impossible to brief and/or be prepared to argue a motion for preliminary injunction on a 35-page, 11 count complaint by tomorrow. Plaintiffs have set forth no reason why there is urgency in having the preliminary

3

injunction heard on September 19, 2025, especially since this court has issued a TRO which fully protects the Plaintiffs until further order of this court. In contrast, were the court to proceed to hear the motion for preliminary injunction on September 19, 2025, LCPS would be severely prejudiced as it will not be in a position to brief and/or prepare to address each of the 11 counts raised in order to inform the court why Plaintiffs are unlikely to succeed on the merits of those claims or to address the other *Winter* factors which may be applicable.

LCSB submits that, when considering the immediacy of the factual circumstances (none due to the entry of the TRO) and the relevant equities of the parties, it would be unreasonable to proceed with a hearing on Plaintiffs' Motion for a Preliminary Injunction on September 19, 2025, and the court should therefore grant LCSB's motion and continue the hearing until October10, 2025. In advance thereof, LCSB asks that Plaintiffs be ordered to file a brief in support of their Motion for Preliminary Injunction by September 26, 2025, LCSB be ordered to file its opposition by October 6, 2025, and Plaintiffs be required to file any reply by October 8, 2025.

## **CONCLUSION**

WHEREFORE, considering the above, Defendant, Loudoun County School Board, by counsel, asks that the court grant its Emergency Motion to Continue Hearing on Motion for Preliminary Injunction filed by Plaintiffs, and enter an order which sets the hearing for October 10, 2025, with briefing as set forth above.

**LOUDOUN COUNTY SCHOOL BOARD**
By Counsel

_____/s/_____
Heather K. Bardot, Esquire
VSB No. 37269
McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:     (703) 385-1555
hbardot@mbbtklaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2025, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew Block
Ian Prior
Nicholas R. Barry
Robert A. Crossin
America First Legal Foundation
611 Pennsylvania Avenue, SE, #231
Washington, D.C. 20003
(202) 836-7958
andrew.block@aflegal.org
ian.prior@aflegal.com
nicholas.barry@aflegal.com
bobby.crossin@aflegal.com
Counsel for Plaintiff

Joshua A. Hetzler, Esq. (VSB No. 89247)
Michael B. Sylvester, Esq. (VSB No. 95023)
FOUNDING FREEDOMS LAW CENTER
707 E. Franklin Street
Richmond, VA 23219
michael@foundingfreedomslaw.org
josh@foundingfreedomslaw.org

_____/s/_____
Heather K. Bardot, Esquire
VSB No. 37269
McGAVIN, BOYCE, BARDOT
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
hbardot@mbbtklaw.com
Counsel for Defendant