IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| S.W., by his parents and next friends,<br>    SETH WOLFE and AMANDA WOLFE;<br>and J.S., by his parents and next friends,<br>    JEFFERY SMITH and RENAE SMITH;<br><br>    *Plaintiffs*,<br><br>v.<br><br>LOUDOUN COUNTY SCHOOL BOARD,<br><br>    *Defendant*. | Case No. 1:25-cv-1536 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'SMOTION IN OPPOSITION TO
DEFENDANT'S EMERGENCY MOTION TO CONTINUE HEARING**

COMES NOW Plaintiffs S.W. and J.S., both minors, by and through their parents as next friends and through their undersigned counsel, and file this memorandum in support of their motion in opposition to the Defendant's emergency motion to continue the hearing set for tomorrow, September 19, 2025, and in support thereof state as follows.

**Background**

The Plaintiffs' motion to hear the temporary restraining order ("TRO") is properly calendared for Friday, September 19. *See* Doc. 10. The Court has already ordered that: "a hearing to determine whether a preliminary injunction should be entered will be held on Friday, September 19, 2025, unless the parties are able to agree to a further abeyance of the suspension *while this civil action is fully litigated*." *Id.* (emphasis added).

After the entry of this Order, the Defendant sought agreement from the Plaintiffs to hold the suspension in abeyance only until briefing on a preliminary injunction could be had. *See*

Exhibit A. Counsel for Plaintiffs rejected that offer, explaining that such offer was inconsistent with the Court's prior order. *See* Exhibit B.

The Defendants have had plenty of notice that this case would be proceeding to litigation through correspondence with Plaintiffs' counsel over the past month. Nevertheless, the Defendant decided to 1) decline to hold the suspension in abeyance and 2) give so little notice to Plaintiff S.W. such that he was forced into a one-day suspension while seeking relief from this Court. Now the Defendant seeks to essentially modify the Court's previously entered order, introduce uncertainty back into the matter, and force further emergency briefing with the threat of suspension continuously hanging over S.W.'s head.

### Standard

Pursuant to the Federal Rules of Civil Procedure, temporary restraining orders may be entered for a period of up to 14 days and extended for one 14-day period thereafter. FED. R. CIV. P. 65 (b)(2). Additionally, "If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters." *Id.* at R. 65(b)(3).

### Argument

Plaintiffs understood the Court's Order of September 16, 2025, to require the parties to either agree to hold the suspension in abeyance "while this civil action is fully litigated" or appear on September 19, for argument. The Defendants rejected the option to hold the suspension in abeyance and now seek to disrupt the schedule. Moreover, Defendant has been on notice that if it intended to proceed with discipline, Plaintiffs would seek a TRO, so this is not a new development for the School Board. Counsel for the Plaintiffs have, for over a month, told the School Board that if they moved forward with plans to discipline the Plaintiffs, there would be litigation. Time and

2

again, the Plaintiffs requested that discipline be delayed until the disputes could be resolved. While the School Board repeatedly denied those requests, it apparently received the message.

The School Board communicated its final decision regarding the suspension at 1:00 PM Monday, with the suspension was to take effect Tuesday morning. This forced the Plaintiff to seek an emergency TRO. Here, the Defendant continues to oppose requests to hold the suspension in abeyance—and preserve the status quote—while the students' rights are litigated. Delaying the hearing serves only to place this in limbo for another four weeks and hang the suspension over the head of S.W., instead of allowing the parties to proceed to swift litigation of the issues at hand while everyone's rights are protected. The School Board will not suffer any hardship by the entry of a preliminary injunction, but the absence of one creates great uncertainty for the Plaintiffs.

Of course, the Plaintiffs will meet any deadlines set by the Court, but delaying tomorrow's hearing is unnecessary and serves only to prolong the emergency character of the docket.

Dated: September 18, 2025                                          Respectfully Submitted,


  /s/  Andrew J. Block
Andrew J. Block, Esq. (VSB No. 91537)           Joshua A. Hetzler, Esq. (VSB No. 89247)
Ian Prior, Esq.                                 Michael B. Sylvester, Esq. (VSB No. 95023)
Nicholas R. Barry, Esq.                         FOUNDING FREEDOMS LAW CENTER
Robert A. Crossin, Esq.                         707 E. Franklin Street
AMERICA FIRST LEGAL FOUNDATION                  Richmond, VA 23219
611 Pennsylvania Ave. SE #231                   Telephone: (804) 971-5509
Washington, D.C. 20003                          michael@foundingfreedomslaw.org
Telephone: (202) 836-7958                       josh@foundingfreedomslaw.org
andrew.block@aflegal.org
ian.prior@aflegal.org
nicholas.barry@aflegal.org
bobby.crossin@aflegal.org

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I filed the foregoing with the Clerk of Court using the Court's CM/ECF system, thereby causing it to be served on all counsel who have appeared in this case, including:

Heather K. Bardot, Esquire
VSB No. 37269
MCGAVIN, BOYCE, BARDOT, THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
hbardot@mbbtklaw.com

*Counsel for Defendant*

                                           */s/ Andrew J. Block*
                                         Andrew J. Block
                                         AMERICA FIRST LEGAL FOUNDATION
                                         611 Pennsylvania Ave. SE, #231
                                         Washington, D.C. 20003 (202)
                                         836-7958 andrew.block@aflegal.org