# EXHIBIT A

REGULATION: 8035-REG<br>Page 1

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

In accordance with Title IX of the Education Amendments of 1972, LCPS programs and activities cannot exclude from participation or deny benefits or subject to discrimination any student based on sex, sexual orientation, or gender identity. LCPS athletic programs adhere to the established policies of the Virginia High School League.

Title IX procedures provide for the prompt and equitable resolution of student complaints alleging sexual harassment under 34 C.F.R. Part 106 and for a grievance process that is compliant with 34 C.F.R. Part 106.45. Allegations of sex-based discrimination and sexual harassment will be reviewed and/or investigated under this regulation. Allegations that do not meet the definitions under Title IX will be investigated under Policy 8030.

A.  Definitions

   1.  <u>Advisor.</u> Advisor means a person chosen by a party to accompany the party to meetings and interviews throughout the steps of the Title IX review, investigation, and resolution process. The advisor may be an attorney.

   2.  <u>Business Day.</u> Means days that the School Board is open for normal operating hours unless expressly stated otherwise.

   3.  <u>Complainant</u>. A person who has filed a formal complaint alleging prohibited conduct.

   4.  <u>Consent.</u> Consent means clear, knowing, and voluntary words or actions that indicate permission for specific sexual activity.

      a.  Consent is voluntary.  It must be given without coercion, force, threats, or intimidation. Consent means positive cooperation in the act or expression of intent to engage in the act pursuant to an exercise of free will.

      b.  Consent is revocable. Consent to some form of sexual activity does not imply consent to other forms of sexual activity. Consent to sexual activity on one occasion is not consent to engage in sexual activity on another occasion. A current or previous dating or sexual relationship, by itself, is not sufficient to constitute consent. Even in the context of the relationship, there must be mutual consent to

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

        engage in sexual activity. Consent must be ongoing throughout a sexual encounter and can be revoked at any time. Once consent is withdrawn, the sexual activity must stop immediately.

    c.    Consent cannot be given when a person is incapacitated. A person cannot consent if she/he is unconscious or coming in and out of consciousness. A person cannot consent if she/he is under the threat of violence, bodily injury, or other forms of coercion. A person cannot consent if her/his understanding of the act is affected by a physical or mental impairment.

5.    <u>Dating Violence</u>.  Violence committed by an individual who is or has been in a social relationship of a romantic or intimate nature with the victim; and where the existence of such a relationship shall be determined based on a consideration of the length of the relationship, type of relationship, and the frequency of interaction between the individuals involved in the relationship.

6.    <u>Domestic Violence</u>. Includes felony or misdemeanor crimes of violence committed by a current or former spouse or intimate partner of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse or intimate partner, by a person similarly situated to a spouse of the victim under the domestic or family violence laws of the jurisdiction receiving grant monies, or by any other person against an adult or youth victim who is protected from that person's acts under the domestic or family violence laws of the jurisdiction.

7.    <u>Dismissal</u>.  If the allegations forming the basis of the formal complaint under Title IX would not, if substantiated, constitute Title IX sex-based discrimination or harassment, the Title IX Coordinator shall dismiss the complaint from the formal resolution process.

8.    <u>Educational Program or Activity</u>. Defined to include the locations, events, or circumstances within the United States, over which the Division exercises substantial control. The school must have substantial control over both the Respondent and the context in which the sexual harassment occurs.

REGULATION: 8035-REG

Page 3

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

9. <u>Formal Complaint</u>. A formal complaint is one that contains the complainant's physical or digital signature or otherwise indicates that the complainant is the person filing the formal complaint; alleges sexual harassment against a respondent; and requests that the recipient investigate the allegation of sexual harassment under its grievance process for formal complaints of sexual harassment

10. <u>Formal Resolution</u>. The formal grievance procedures involve the notice, investigation, and determination of a formal complaint of alleged Title IX sexual harassment.

11. <u>Informal Resolution</u>. The informal resolution process is a voluntary, structured interaction between involved parties (complainant and respondent) to resolve allegations of Title IX sexual harassment, following the filing of a formal complaint and prior to a determination of responsibility on the allegations. Informal resolution may involve remedy based resolutions, mediation, or restorative practices.

12. <u>Respondent</u>.  A person who has had a formal complaint filed against them alleging prohibited conduct.

13. <u>Retaliation</u>. Defined as intimidating, threatening, coercing, or in any way discriminating against the individual because of the individual's complaint or participation in the process.

14. <u>Sexual Assault</u>. Defined as any sexual act directed against another person, without the consent of the victim, including instances where the victim is incapable of giving consent. Sexual Assault includes:

    a. Rape; carnal knowledge of another person, without the consent of the victim, including instances where the victim is incapable of giving consent because of his or her age or because of his or her temporary or permanent mental or physical incapacity;

    b. Sodomy; oral or anal sexual intercourse with another person, without the consent of the victim, including instances where the victim is incapable of giving consent because of his or her age or because of his or her temporary or permanent mental or physical incapacity;

REGULATION: 8035-REG  
Page 4

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

    c.    Sexual Assault with an Object; use of an object or instrument to unlawfully penetrate, however slightly, the genital or anal opening of the body of another person, without the consent of the victim, including instances where the victim is incapable of giving consent because of his or her age or because of his or her temporary or permanent mental or physical incapacity;

    d.    Fondling: for the purposes of Title IX, shall be defined as intentional and nonconsensual touching of the private body parts (crotch, genitalia, breast, buttocks) with sexual intent or for the purpose of sexual gratification, whether over or under the clothing. Fondling may include the Respondent touching the Complainant, the Respondent making the Complainant touch the Respondent or another person, or the Respondent making the Complainant touch the Complainant's own body. Fondling shall not include touching, even without consent, if the circumstances surrounding the incident are not for the purpose of sexual gratification or do not indicate sexual intent.

    e.    Statutory rape; non-forcible sexual intercourse with a person who is under the statutory age of consent.

15.    <u>Sex-Based Discrimination</u>. Title IX covers reports of alleged Sex-Based Discrimination in student programs or activities, including but not limited to athletics, extra-curricular activities, facilities, course offerings, and funding.

16.    <u>Sexual Harassment</u>. Sexual harassment means conduct on the basis of sex that satisfies one or more of the following:

    a.    The provision of aid, benefit, or service for a student on an individual's participation in unwelcome sexual conduct;

    b.    Unwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to LCPS's education program or activity; or

REGULATION: 8035-REG
Page 5

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

    c.    Any incident of, Sexual Assault, Dating Violence, Domestic Violence, or Stalking as defined in this regulation.

17.    <u>Stalking</u>. Engaging in a "course of conduct" directed at a specific person that would cause a "reasonable person" to fear for the person's safety or the safety of others or suffer "substantial emotional distress.

    a.    For the purposes of this definition: "Course of conduct" means two or more acts, including, but not limited to, acts in which the stalker directly, indirectly, or through third parties, by any action, method, device, or means, follows, monitors, observes, surveils, threatens, or communicates to or about a person, or interferes with a person's property.

    b.    "Reasonable person" means a reasonable person under similar circumstances and with similar identities to the victim. "Substantial emotional distress" means significant mental suffering or anguish that may, but does not necessarily, require medical or other professional treatment or counseling.

Examples of sexual harassment of a student may include sexual advances; touching intimate body parts or coercing physical contact; conversations of a sexual nature; and other sexually motivated conduct, communications, or contact.

18.    <u>Supportive measures</u>. Supportive Measures mean non-disciplinary, non-punitive, individualized services offered as appropriate, as reasonably available, and without fee or charge to the complainant or the respondent before or after the filing of a formal complaint or where no formal complaint has been filed.

19.    <u>Title IX Coordinator</u>. the person designated and authorized by LCPS to coordinate its efforts to comply with its responsibilities under Title IX of the Federal Education Amendments of 1972. The Title IX Office includes the Title Coordinator and Deputy Title IX Coordinators.

B.    <u>Reporting Sexual Harassment Procedures</u>

1.    Allegations of sex-based discrimination and sexual harassment will be reported to the Title IX Coordinator. Any person may report sex-based discrimination or,

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

sexual harassment (whether or not the person reporting is the person alleged to be the victim of conduct that could constitute sex discrimination or sexual harassment), in person, by mail, by telephone, or by electronic mail, using the contact information listed for the Title IX Coordinator, or by any other means that results in the Title IX Coordinator receiving the person's verbal or written report. Such a report may be made at any time (including during non-business hours) by using the telephone number or electronic mail address, or by mail to the office address, listed for the Title IX Coordinator. The information for the Title IX Coordinator can be found at https://www.lcps.org/TitleIX.

2. Any student or parent(s) or guardian(s) who believes that they or another student has experienced prohibited conduct can report the alleged acts to an adult staff member (e.g. teacher, school counselor, athletic director, coach, bus driver, or other school administrators) who shall immediately notify the principal. The principal or assistant principal will document the initial reporting of the allegations immediately upon receipt will notify the Title IX Coordinator.

3. Employee Obligation to Report. Any LCPS employee who suspects or receives notice that a student or group of students or employee(s) has or may have experienced sexual harassment or sex-based discrimination shall immediately notify the principal or their supervisor, either verbally or in writing, and take any other steps required by this policy. A failure to immediately report may impair LCPS' ability to investigate and address the prohibited conduct. A supervisor who receives a report shall promptly notify the Title IX Coordinator. All formal reports of Sexual Harassment under this regulation will be communicated to and reviewed by, the Title IX Coordinator. If for any reason the employee prefers not to report the prohibited conduct to their supervisor or principal, the employee may report directly to the Title IX Coordinator.

4. Alternative Reporting Procedures. A student shall not be required to report prohibited conduct to the person alleged to have committed the conduct. Reports concerning prohibited conduct, including reports against a Title IX Coordinator or ADA/Section 504 Coordinator, may be directed to the Office of School Administration.

5. Notice to Parents or Guardians. The Title IX Coordinator shall also promptly notify the parent(s) or guardian(s) of any student alleged to have experienced sex-based discrimination or sexual harassment, under this Policy or under Policy 7014, Environments Free from Harassment, Discrimination, and Abuse if the complaint is about a teacher or other adult in the educational environment.

6. Reports are confidential except to the extent necessary to carry out the investigation, take corrective action, or as otherwise required by law.

REGULATION: 8035-REG
Page 7

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

7. Falsification. Students or School Board employees who knowingly make false charges of harassment or discrimination are subject to disciplinary action. Reasonable, good faith beliefs of unlawful harassment or discrimination will not result in discipline if the allegations are later proven untrue.

8. Retaliation for Reporting or Participating in Sexual Harassment Investigation. No person may intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by Title IX or this Policy, or because the individual has made a report or complaint, testified, assisted, or participated or refused to participate in any manner in an investigation, proceeding, or hearing under this Policy. Retaliation is defined in this policy as intimidating, threatening, coercing, or in any way discriminating against the individual because of the individual's complaint or participation in the process. LCPS prohibits retaliation against any individual who has made a complaint or participated in any manner in an investigation or proceeding involving a student alleged to have experienced discrimination or harassment including dating violence. Examples of retaliation may include threats, spreading rumors, gossiping, ostracism, assault, destruction of property, and unjustified punishments. School administration will document the initial reporting upon receipt.

C. Response to Report of Sexual Harassment

1. Initial Assessment

   a. The Title IX Coordinator shall evaluate all reports to determine whether the alleged misconduct could constitute Title IX Sexual Harassment under this regulation and conduct as defined by 34 CFR 106.

   b. Where the alleged misconduct does not constitute Title IX Sexual Harassment, the Title IX Coordinator shall provide notice of such to the school administration. The school administration shall investigate and review under Policy 8210 and the LCPS Student Code of Conduct.

   c. Where the alleged misconduct could constitute Title IX Sexual Harassment, the Title IX Coordinator shall promptly contact the Complainant to discuss the availability of Supportive Measures, consider the Complainant's wishes with respect to Supportive Measures, inform the Complainant of the availability of Supportive Measures with or without filing a Formal Complaint of Title IX

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

> Sexual Harassment ("Formal Complaint"), and explain to the Complainant the process for filing a Formal Complaint. The Complainant shall be provided with a copy of this regulation and the Formal Complaint of Title IX Sexual Harassment form.
>
> d. If the Respondent is a LCPS employee or a third party under the control of LCPS, the Title IX Coordinator shall promptly notify Human Resources and Talent Development
>
> e. The Title IX Coordinator shall maintain a record of all reports of sexual misconduct involving students in order to assist LCPS in its efforts to monitor, address, and prevent such behavior in LCPS.

2. <u>Filing a Formal Complaint</u>: A Complainant may sign and file a Formal Complaint with the Title IX Coordinator, alleging Title IX Sexual Harassment and requesting that LCPS investigate. Where warranted, the Title IX Coordinator may sign a Formal Complaint alleging Title IX Sexual Harassment against a Respondent, initiating an investigation. For such a Formal Complaint, the Title IX Coordinator is neither a Complainant nor a party to the complaint. When the Title IX Coordinator signs a formal complaint, the Complainant will be provided notice and rationale. If the Complainant declines a formal complaint and the Title IX Coordinator does not sign the formal complaint, the Complainant will be sent notice and the incident will be referred back to the school administration for appropriate action through policy 8210.

> a. Eligibility: At the time a Formal Complaint is filed, the Complainant must be employed by LCPS or participating in or attempting to participate in a LCPS educational program or activity.
>
> b. Filing: A Complainant may file a Formal Complaint with the Title IX Coordinator by hand-delivery, U.S. Mail, or electronic mail. Use of the Formal Title IX Sexual Harassment form, is strongly encouraged, though not necessary, and may be obtained from the Title IX Coordinator.

3. <u>Dismissal of Formal Complaint or Specific Allegations</u>

> a. The Title IX Coordinator shall dismiss the Formal Complaint or specific allegations in the Formal Complaint if a preliminary investigation establishes that the misconduct: (a) does not constitute Title IX Sexual Harassment as defined; (b) did not occur in a LCPS educational program or activity; or (c) did not occur

REGULATION: 8035-REG  
Page 9

## TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

    against a person in the United States.

b. The Title IX Coordinator may dismiss a Formal Complaint or specific allegations in the Formal Complaint if at any time during the Title IX Grievance Process:

    (i) a Complainant notifies the Title IX Coordinator in writing that the Complainant would like to withdraw the Formal Complaint or any allegation therein;

    (ii) the respondent is no longer enrolled or employed by LCPS; or;

    (iii) specific circumstances prevent the LCPS from gathering sufficient evidence to make a determination.

    (iv) The Title IX Coordinator must provide the parties with written notice of any dismissal of a Formal Complaint and the reasons for the dismissal and allow for the appeal of the Dismissal. Any appeal is limited to one or more of the following grounds:

        (a) Procedural irregularity that affected the determination;

        (b) New evidence that was not reasonably available at the time of the determination, but that could affect the outcome; or

        (c) The Title IX Coordinator, Title IX Investigator, or Title IX Decision Maker had a conflict of interest or bias against a party that affected the outcome.

c. When a party to the Formal Complaint initiates an appeal of the Dismissal Decision, the Title IX Coordinator shall notify the other party in writing. Within five days of notice of the written statement of appeal, the non-appealing party may submit a written statement to the Title IX Coordinator supporting the Dismissal Decision.

d. The Title IX Coordinator shall provide to the Title IX Appeal Reviewer the Dismissal Decision, the statement of appeal, and the

   statement in response. Within ten days, the Title IX Appeal Reviewer shall issue, concurrently to both parties, a written decision setting forth the result of the appeal and its rationale. The Title IX Appeal Officer's decision is final.

  e. Dismissal of a Formal Complaint or the appeal of such dismissal shall neither preclude nor delay disciplinary action under other applicable LCPS policies.

4. Acceptance of Formal Complaint and Notice to Parties: Following acceptance of a Formal Complaint, the Title IX Coordinator shall provide the parties a copy of School Board Policy - 8035 and Regulation - 8035, Title IX based Sex Discrimination, Sexual Harassment, setting forth the LCPS Title IX Grievance Process. The Title IX Coordinator shall also provide to each party written notice of the following, with sufficient time to prepare a response before any initial interview:

  a. the allegation(s) potentially constituting Title IX Sexual Harassment, including the identities of the parties involved in the incident, if known; the misconduct allegedly constituting Title IX Sexual Harassment; and the date and location of the alleged incident, if known;

  b. the presumption that the Respondent is not responsible for the alleged misconduct and that a Determination of Responsibility shall be made only at the conclusion of the Title IX Grievance Process;

  c. each party's right to an advisor, who may be, but is not required to be, an attorney;

  d. each party's right to inspect and review certain evidence; and

  e. the LCPS prohibitions against knowingly making false statements or submitting false information to school officials and retaliating against or discouraging any individual from reporting or participating in the Title IX Grievance Process.

D. <u>Formal Grievance Process</u>: The Title IX Grievance Process for any Formal Complaint that has been accepted by the Title IX Coordinator typically should be concluded within 60 business days, unless the Title IX Coordinator, Title IX Investigator, Title IX Decision Maker, or Appellate Decision Maker as appropriate, temporarily delays the Title IX Grievance Process or extends the timeline for good cause and provides

REGULATION: 8035-REG  
Page 11

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

written notice to the Complainant and the Respondent of the delay or extension and the reason(s) for the action. Good cause may include, but is not limited to, the absence or non-availability of a witness or a party to the Formal Complaint; concurrent law enforcement or Child Protective Services (CPS) activity; the need for language assistance or accommodation of a disability; or other circumstances impacting LCPS's operations relating to this procedure.

1. <u>Interim Action</u>. If appropriate and regardless of whether a criminal or regulatory investigation regarding the alleged conduct is pending, the school division shall promptly take interim action to maintain a safe and secure learning environment for all students. Nothing in this policy precludes removing an accused person from the education program or activity on an emergency basis, provided that the division undertakes an individualized safety and risk analysis, and determines that an immediate threat to the physical health or safety of any student, or other individual arising from the allegations of sexual harassment justifies removal, and provides the individual with notice and an opportunity to challenge the decision immediately following the removal. This provision does not modify any rights under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act of 1973, or the Americans with Disabilities Act.

2. <u>Supportive measures</u>. Supportive measures must be available to both the complainant and respondent. Supportive measures are designed to restore or preserve equal access to the recipient's education program or activity without unreasonably burdening the other party, including measures designed to protect the safety of all parties or the recipient's educational environment or deter sexual harassment. Supportive Measures include, but are not limited to:

 a. Transferring to another class or school (with permission from the parent/guardian)
 b. Classroom seat reassignments
 c. Changing lunch schedules or settings
 d. Assignment to virtual learning
 e. Altering bus assignments
 f. Reassignment of lockers
 g. Rescheduling an academic assignment or test
 h. Academic support, extensions of deadlines, or other course-related adjustments
 i. Medical and mental health services, including counseling
 j. Providing an escort to ensure that the student can move safely between school programs and activities
 k. Referral to the Employee Assistance Program
 l. Altering work arrangements for employees
 m. Safety planning

REGULATION: 8035-REG
Page 12

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

    n.    Transportation accommodations
    o.    Implementing contact limitations (no contact orders) between the parties
    p.    Increased security and monitoring of certain areas of the school
    q.    Other tailored measures appropriate to the circumstances

3.    <u>Administrative Leave</u>. An accused employee may be placed on administrative leave pending the outcome of the grievance procedure in accordance with LCPS policies and practices in coordination with the Department of Human Resources and Talent Development.

4.    <u>Informal Resolution</u>. The Title IX Coordinator can resolve the complaint with an informal resolution. Both parties must give voluntary, informed, written consent to attempt any offered informal resolution. Any informal resolution under this procedure will be facilitated by trained personnel. An informal resolution can only occur if:

    a.    The matter involves a student complainant and a student respondent.

    b.    A Complainant has filed a Formal Title IX Complaint.

    c.    The Title IX Coordinator has determined, through an initial assessment that the alleged conduct, if substantiated, would constitute Sexual Discrimination or Sexual Harassment.

    d.    The Title IX Coordinator has determined that the Informal Resolution process is appropriate for the matter.

    e.    Informal resolutions are not used in cases of alleged sexual assault.

    f.    To begin the Informal Resolution Process, the Parties, and their Advisors, if applicable, must be advised in writing of:

        (i)    the pending allegations;

        (ii)    the requirements of the Informal Resolution Process including the circumstances under which it precludes the Parties from resuming a formal Complaint arising from the same allegations;

REGULATION: 8035-REG  
Page 13

## TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

      (iii)    the right of either Party to withdraw from the Informal Resolution Process and resume the Grievance Process;

      (iv)    any consequences that will result from the Informal Resolution Process, if known, including the records that will be maintained or could be shared.

5.    <u>Formal Resolution</u>.  A formal Title IX Investigation will be conducted by a trained Title IX investigator to determine a formal resolution. The investigator will gather all information and evidence relevant to the allegations. This includes interviewing the Complainant(s), Respondent(s), and Witnesses. The Investigator will also collect any relevant documentation, electronic evidence, or other evidence related to the allegations. The Investigator may consolidate complaints where such arise out of the same facts or circumstances.

    a.    Each party to the Formal Complaint may have an advisor of his or her choice, who may be, but is not required to be, an attorney. It shall be the responsibility of each party to timely advise the Title IX Coordinator of the identity of, and contact information for, any advisor. A parent should accompany a minor party to his or her interview or to any other meeting requiring the presence of the party; an advisor may attend at the party's invitation. In all interviews and meetings, the role of each party's advisor shall be limited to that of a silent witness, except in the event of any hearing.

    b.    Each party to the Formal Complaint whose participation is invited or expected shall be provided with written notice of the date, time, location, participants, and purpose of all interviews or meetings with him or her, with sufficient time to prepare to participate.

    c.    Each party to the Formal Complaint shall have an equal opportunity to provide evidence and identify witnesses.

    d.    **Additional allegations:** If in the course of an investigation, the Title IX Investigator decides to investigate allegations about the Complainant or Respondent that are not included in the notice, the Title IX Coordinator shall provide notice of the additional allegations to the parties.

    e.    Parties' Access to Evidence: Before completion and submission of the Investigative Report, the Title IX Investigator shall provide each party and each party's advisor an equal opportunity to inspect

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

and review the Directly Related Evidence. Such evidence shall be redacted to protect personally identifiable information of students other than the parties. Such access shall not include the Title IX Investigator's personal notes for deliberative use or drafts of documents. The Title IX Investigator shall afford each party ten days from notice of the Directly Related Evidence to submit a written response to the evidence for the Title IX Investigator's consideration; a copy of any such response shall be provided to the other party.

f.  Investigative Report: Upon its completion, an Investigative Report that fairly summarizes the relevant evidence shall be forwarded to the Title IX Decision Maker, and to each party and each party's advisor for their review and written response at least ten days prior to a Determination of Responsibility. Before reaching a determination regarding responsibility, the decision-maker must afford each party the opportunity to submit written, relevant questions that a party wants to be asked of any party or witness, provide each party with the answers, and allow for additional, limited follow-up questions from each party. Any questions excluded as irrelevant shall be identified and explained as such by the Title IX Decision Maker.

6. Determination of Responsibility: Upon a review of the Administrative Record and applying a preponderance of the evidence standard, the Title IX Decision Maker, shall provide a written determination to the Title IX Coordinator. The Title IX Coordinator will concurrently issue to both parties the written determination by the Decision Maker which shall include:

  a.  identification of the allegations potentially constituting Title IX Sexual Harassment;

  b.  a summary of procedural steps; findings of fact;

  c.  a statement of, and rationale for, the Determination of Responsibility as to each allegation;

  d.  any remedies provided to restore or preserve Complainant's equal access to LCPS educational programs and activities, as appropriate;

REGULATION: 8035-REG
Page 15

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

    e.    sanctions, if any; and

    f.    a statement of appeal procedures.

7.    <u>Students with Disabilities</u>: In the event the Decision Maker determines the respondent has engaged in sexual harassment and prior to consideration of imposing a long-term suspension, reassignment, or recommendation for expulsion, the following shall occur, and timelines will be extended accordingly.

    a.    Manifestation Determination Review for any student with an individualized education plan (IEP), the Decision Maker will make a referral to the school to conduct a Manifestation Determination Review. The MDR team meeting shall convene as soon as reasonably possible and make available to the appropriate Decision Maker the MDR decision and written rationale no later than ten days.

    b.    Protections for Students With Disabilities Covered by Section 504 Plans For any student with a disability covered by a Section 504 plan, the Decision Maker will make a referral to have a knowledgeable committee convene a Section 504 Manifestation Determination Review. The MDR meeting shall convene as soon as reasonably possible and make available to the appropriate Decision Maker the MDR decision and written rationale no later than ten days.

    c.    Consultation with IEP Team:

        (i)    Prior to making a decision to suspend, reassign, or recommend expulsion for a student receiving special education services, the Decision Maker will direct the Principal and Director, the office of special education, or the principal's designee to consult with the student's case manager or another key member of the IEP team if the case manager is not available, review the student's IEP–including any BIP–and take into consideration any special circumstances regarding the student. The principal shall share any relevant information with the Decision Maker.

        (ii)    In the event of a long-term removal or expulsion, the IEP team would need to convene to determine the least

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

restrictive environment and placement that would meet the needs and services of the student.

8. <u>Standard for Determining Responsibility</u>. The standard of evidence for determining responsibility at the end of the Title IX formal investigation shall be the preponderance of the evidence standard, which means that when reviewing the relevant evidence as a whole, it is more likely than not that the behavior occurred.

This same standard shall be applied equally to all formal complaints against students as well as to complaints against employees under this Policy or under Policy 7014, Environments Free from Harassment, Discrimination, and Abuse. Accused persons are presumed not responsible for alleged conduct until a determination regarding responsibility is made at the conclusion of the grievance process in accordance with federal regulations.

9. <u>Appeal</u>.   The respondent or complainant has five business days after the Decision Maker's determination to file an appeal. Appeals should be filed with the Title IX Coordinator.  The basis for the appeal is limited to the following:

   a. There is new evidence that was unknown or unavailable during the investigation. The new evidence could significantly have impacted the outcome.

   b. There was a procedural error or omission that significantly impacted the outcome.

   c. There is evidence provided of bias or conflict of interest from the Title IX Coordinator, Title IX investigator, or Title IX Decision maker.

After the appeal is filed, the Title IX Coordinator will notify the other party of the appeal in writing. The non-appealing party may submit a written response within 5 business days of notification. A written decision will be provided to both parties describing the result of the appeal and the rationale for the result. The appeal decision is final. If no appeal is filed, the Determination of Responsibility becomes final, and the Title IX Grievance Process concludes on the date on which an appeal would no longer be considered timely. If appealed, the Determination of Responsibility becomes final on the date the "Appellate Decision Maker" provides the parties with written notice of the result of the appeal.

REGULATION: 8035-REG
Page 17

TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

E.  Remedies and Disciplinary Sanctions: Remedies and Disciplinary Sanctions are required to be provided to a complainant when a respondent is found responsible and must be designed to maintain the complainant's equal access to education. They may be similar to supportive measures; however, remedies need not be non-disciplinary or non-punitive and need not avoid burdening the respondent.

See Supportive Measures section D. 2. Of this regulation for a listing of possible remedies for a Title IX investigation.

1.  Disciplinary Sanctions: Disciplinary sanctions are imposed upon a substantiated complaint under Title IX. The following is a listing of disciplinary sanctions that may be administered in Loudoun County Public Schools. These sanctions are evaluated on the totality of the circumstances and on a case-by-case basis. Sanctions can include but are not limited to:

2.  Student Remedies and Disciplinary Sanctions:

   a. Parent conference
   b. Removal of school privileges
   c. Restorative practice
   d. No contact with the complainant
   e. Restricting class selection/enrollment
   f. Alternative placement
   g. After school detention
   h. In-school restriction
   i. Suspension out of school
   j. Long-term suspension
   k. Expulsion

3.  Employee Remedies and Disciplinary Sanctions:

   a. Performance Improvement Plan
   b. Memorandum of Expectation
   c. Letter of Reprimand
   d. Suspension with pay
   e. Suspension without pay
   f. Training
   g. Termination

REGULATION: 8035-REG
Page 18

## TITLE IX, SEX-BASED DISCRIMINATION, SEXUAL HARASSMENT

F.  <u>Records Retention</u>: The School Board will maintain for a period of seven years records of:

   1.   each investigation of allegations of sexual harassment prohibited by Title IX including any determination regarding responsibility and any audio or audiovisual recording or transcript, if any, required under the Title IX regulations, any disciplinary sanctions imposed on the respondent, and any remedies provided to the complainant designed to restore or preserve equal access to School Board's education program or activity;

   2.   any appeal and the result therefrom;

   3.   any informal resolution and the result therefrom; and

   4.   all materials used to train Title IX Coordinators, investigators, decision-makers, and any person who facilitates an informal resolution process. These materials will also be made available on the School Board's website.

For each response required under 34 C.F.R. § 106.44, the School Board must create, and maintain for a period of seven years, records of any actions, including any supportive measures, taken in response to a report or formal complaint of sexual harassment prohibited by Title IX.

[Former Regulation 8-6]
Issued:  11/8/21
Revised:  1/19/22, 3/8/22, 8/19/22

---

Legal Ref: 34 C.F.R. Part 106
Cross Ref: Policy 7014, Environments Free from Harassment, Discrimination, and Abuse