# EXHIBIT K

POLICY: 8640
Page 1

# DISCLOSURE OF STUDENT PERSONALLY IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

This policy establishes guidelines for protecting the Personally Identifiable Information (PII) of students and the conditions that constitute legal disclosure for access to Education Records (records). The Division shall notify parents and eligible students of their rights pursuant to this policy at the beginning of each academic year. A copy of this policy and accompanying regulation will be included in the annual notification to parents/guardians and Student Rights & Responsibilities Handbook given to each student and is available electronically on the Division's website. For notice to parents/guardians or eligible students who are disabled or whose primary or home language is other than English, the format or method of notice will be modified in an endeavor to appreciably inform them of their rights. A copy of the Family Educational Rights and Privacy Act (FERPA), and this policy and accompanying regulation are available online. The Division is obligated to comply with FERPA, as applicable federal law, as well as state law governing the confidentiality of student education records.

The Division shall be entitled to take all actions and exercise all options authorized under the law. In the event this policy or accompanying regulation does not address a provision in applicable state or federal law, or is inconsistent with or in conflict with applicable state or federal law, the provisions of applicable state or federal law shall control.

A.  <u>Definitions</u>

   1.  <u>Authorized representative</u>. Any entity or individual designated by a state or local educational authority or an agency headed by an official listed in 34 CFR § 99.31(a)(3) to conduct, with respect to federal- or state-supported education programs, any audit or evaluation, or any compliance or enforcement activity in connection with federal legal requirements that relate to these programs.

   2.  <u>Personally Identifiable Information (PII)</u>. The term includes, but is not limited to:

   a.  The student's name;

   b.  The name of the student's parent or other family members;

   c.  The address of the student or student's family;

   d.  A personal identifier, such as the student's social security number, student number, or biometric record;

   e.  Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

POLICY:  8640
Page  2

DISCLOSURE OF STUDENT PERSONALLY
IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

      f.      Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

      g.      Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

3.      <u>Educational and Scholastic Records (records)</u>.  Educational records include "scholastic records" as defined under Virginia law. "Educational records" under federal law are those records directly related to a student and maintained by a school division or by an entity acting for a school division. These include, but are not limited to, documentation pertinent to the educational growth and development of students as they progress through school, student disciplinary records, achievement and test results, cumulative health records, reports of assessments for eligibility for special education services, and Individualized Education Programs. Such records may be maintained in any way, including, but not limited to, handwriting, print, computer media, video or audio tape, film, microfilm, and microfiche.

4.      <u>Directory Information (DI)</u>.  Directory Information means information contained in an Educational Record of a student that would not generally be considered harmful or an invasion of privacy if disclosed. Directory Information may be released subject to the restrictions within this policy without written consent of the parent or eligible student.  The following items in a student's record are classified as Directory Information:

      a.      Name and address of student and parent(s) or guardian(s);

      b.      Telephone listing(s);

      c.      Electronic mail addresses or other electronic contact information of parent(s) or guardian(s);

      d.      Date and place of birth;

      e.      Participation in officially recognized activities and sports;

      f.      Height and weight, if member of athletic team;

      g.      Dates of attendance and grade level;

      h.      Awards and honors received;

      i.      Division student ID number or other unique personal identifier used by a student for accessing or communicating in electronic systems if the

POLICY: 8640
Page 3

DISCLOSURE OF STUDENT PERSONALLY
IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

> identifier cannot be used to gain access to education records except when used in conjunction with one or more factors that authenticate the user's identity, such as a personal identification number, password, or other factor known or possessed only by the authorized user or a student ID number or other unique personal identifier that is displayed on a student ID badge, if the identifier cannot be used to gain access to education records except when used in conjunction with one or more factors that authenticate the user's identity such as a PIN or password or other factor known or possessed only by the authorized user;
>
> j.  Most recent educational institution attended; and
>
> k.  Other similar information, as permitted by federal and state law and regulation.

5.  <u>School Official</u>.  School Officials who have a legitimate educational need shall have access to PII without prior parental or eligible student consent. Pursuant to 34 C.F.R. § 99.31(a), a school official is under the direct control of the School Board with respect to the use and maintenance of education records and is subject to the requirements regarding the redisclosure of personally identifiable information from education records, as set forth in this policy. School Officials are defined as:

    a.  a person employed by the School Board

    b.  a person appointed or elected to the School Board

    c.  a person employed by or under contract to the School Board to perform a special task, such as an attorney, auditor, medical consultant, or therapist

    d.  a contractor, consultant, volunteer, or other parties to whom the school division has outsourced services or functions for which the school division would otherwise use employees and who is under the direct control of the school division with respect to the use and maintenance of education records.

Pursuant to 34 C.F.R. § 99.31(a)(ii), LCPS and the School Board must use reasonable methods to ensure that school officials obtain access to only those education records in which they have legitimate educational interests.

6.  <u>Custodian</u>. The Principal or designee of the record. For former students, the Records Manager may be the custodian.

POLICY: 8640  
Page 4

## DISCLOSURE OF STUDENT PERSONALLY IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

7. <u>Entity/Entities</u>.  A person, partnership, organization, educational agency, institution or business that has authorization through federal, state or local policies to conduct matters with or on behalf of the Division.

8. <u>Disclosure</u>.  Means permitting access to, releasing, transferring, or otherwise communicating by oral, written, or other means, records, and the PII contained in the records.

9. <u>Access</u>.  Means the inspection, review, and copying of records.

10. <u>Release</u>.  Means providing specific information from records upon receipt of an authorized request.

11. <u>Transfer</u>.  Means the surrender of the record or a transcript of the record.

12. <u>Parent, Student, Eligible Student</u>

   a. A parent may be a biological or adoptive parent, step-parent who is present on a day-to-day basis with the natural parent and child, and the other parent is absent from that home, legal guardian, or person acting as parent in the absence of a parent or guardian. Unless provided with evidence to the contrary, School Officials shall presume the parent has authority to exercise the rights provided in this policy.

   b. A student is a person for whom records are maintained by School Officials including former students.

   c. An eligible student under these policies is any present or former student who is eighteen years of age or older. The rights and consent required by parents shall pass exclusively to the student upon reaching the age of eighteen years. Notwithstanding the foregoing, LCPS may still provide an eligible student's parents with access to education records, without the student's consent, where permitted by law.

13. <u>Legitimate Educational Interest</u>.  A School Official has a legitimate educational interest if the official needs the record or records to fulfill a professional responsibility and is:

   a. performing a task that is specified in their position description or by an agreement with the Loudoun County School Board;

   b. performing a task related to a student's education;

POLICY: 8640
Page 5

DISCLOSURE OF STUDENT PERSONALLY
IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

      c.    performing a task related to the discipline of a student; or

      d.    providing a service or benefit relating to the student or student's family, such as health care, counseling, job placement, or financial aid.

B.    Disclosure of Records with Consent

    1.    Any parent or eligible student, who consents to the disclosure of PII under this policy, shall be provided upon request and payment of a fee not to exceed the amounts listed in the fee schedule noted in Regulation 8040, with a copy of the student's records.

    2.    Written consent of the parent or the eligible student is required before disclosing PII from a student's record to any third party not subject to an exception under this Policy or as otherwise provided in law.

    3.    Written consent for disclosure of records must be signed and dated by the parent or eligible student and shall include:

      a.    The scope of the records to be disclosed.

      b.    The reasons for disclosure.

      c.    The requestor to whom the records are disclosed.

    4.    In all cases in which a student is enrolled in the Virginia Medicaid program, the division shall release Directory Information consisting of the student's name, date of birth and gender to Virginia's Medicaid agency) to verify Medicaid eligibility of students. The division shall obtain written consent annually from a parent/guardian before the release of any non-Directory Information required for billing. To accomplish this, the division shall:

      a.    include a consent form with the "start of school" information each fall.

      b.    include a consent form with IEP packet materials.

      c.    include a consent provision referred to as "acknowledgments" in the online systems for annual verification.

C.    Disclosure of Records Without Parental or Eligible Student Consent

    1.    Personnel shall have the responsibility for protecting the confidentiality of records. The School Division will use reasonable methods to identify and authenticate the identity of parents, students, School Officials, and any other parties to whom it discloses Personally Identifiable Information from education records.

POLICY: 8640
Page 6

## DISCLOSURE OF STUDENT PERSONALLY IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

    2.    Records may be released without prior written consent of the parent or eligible student upon request to the School Officials provided such release does not violate any state or federal law. To the extent permitted by law, records may be released without prior written consent of the parent or eligible student upon request to the school officials:

    a.    Entities in connection with a student's application for or receipt of financial aid (aid), provided the information is requested to determine the eligibility of the student, the amount of aid or the conditions of the aid, or to enforce the terms of the aid.

    b.    Entities conducting studies for the purpose of developing, validating and administering predictive tests, student aid programs or improving instruction, shall conduct studies in a manner that will not disclose the PII of students and their parents, by persons other than representatives of these entities. The results of the study shall be destroyed when the information is no longer required for the purpose for which it was collected.

    c.    Accrediting entities involved in accreditation of LCPS.

    d.    Parents of a dependent student, as defined in Section 152 of the Internal Revenue Code of 1986.

    e.    The staff of a college, university, or educational research and development organization or laboratory, at the discretion of the Superintendent or designee, if such information is necessary to a research project or study conducted, sponsored, or approved by the entity, provided that no student will be identified by name.

    f.    Representatives of the federal government, state educational authorities, or the Superintendent or designee, as authorized by and subject to the restrictions of law and regulations.

    g.    An officer or employee of a city or county agency responsible for protective services to children regarding a student referred to that agency as a minor requiring investigation or supervision by that agency.

    h.    The School Division discloses or makes available to guardian ad litem, on request, any information, records, or reports concerning a student for whom a petition for guardianship or conservatorship has been filed that the guardian ad litem determines are necessary to perform their duties under Va. Code § 64.2-2003.

POLICY: 8640  
Page 7

DISCLOSURE OF STUDENT PERSONALLY
IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

    i.    State or local law enforcement officers, including probation officers, parole officers, or administrators, or members of a parole board seeking information in the course of their duties.

    j.    Appropriate entities in connection with an emergency, if the content contained in the records is necessary to protect the health or safety of the student or others.

        (i)    Before releasing records, the custodian must take into account the seriousness of the threat to the health or safety of the student or others. The custodian will assess the need for the requested records to meet the emergency, the position and responsibility of the person to whom records are released, and the extent to which time is critical in defusing the emergency.

        (ii)    In making this determination, the custodian may take into account the totality of the circumstances pertaining to a threat to the health or safety of a student or other individuals. If the custodian determines that there is an articulable and significant threat to the health or safety of a student or other individuals, the custodian may disclose information from education records to any person whose knowledge of the information is necessary to protect the health or safety of the student or other individuals. A rational basis for the determination is required.

        (iii)    The following information must be recorded and maintained with the record of disclosures when making a release of information for health or safety reasons:

            (a)    The articulable and significant threat to the health or safety of a student or other individuals that formed the basis for the disclosure; and

            (b)    The entities to whom the agency or institution disclosed the information.

    k.    Communications pertaining to security incidents occurring in LCPS schools or during LCPS school-sponsored activities shall be in accordance with Policy 3070 and its accompanying regulation and shall be compliant with FERPA and all other applicable laws regarding confidentiality. Notwithstanding, and subject to, the applicable legal authority discussed herein, LCPS staff should otherwise endeavor to provide as much relevant information to the community about security

POLICY:  8640
Page  8

## DISCLOSURE OF STUDENT PERSONALLY
## IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

incidents occurring in LCPS schools or during LCPS school-sponsored activities, in order to foster transparent communication.

3. Records shall be released in compliance with judicial order or pursuant to any lawfully issued subpoena, provided that the custodian of the record makes a reasonable effort to notify the parent of the student or the eligible student of the judicial order or subpoena, in advance of compliance, so that the parents may seek protective action, unless ordered otherwise by a court, other issuing agencies or the disclosure is in compliance with an *ex parte* court order obtained by the United States Attorney General (or designee not lower than an Assistant Attorney General) concerning investigations or prosecutions of an offense listed in 18 U.S.C. 2332b(g)(5)(B) or an act of domestic or international terrorism as defined in 18 U.S.C. 2331. Specifically, where practicable, the custodian of the record will send written notification to the parent of the student or the eligible student.

D. Record of Disclosures

1. Subject to certain exceptions addressed below, custodians must maintain a record of each request for access to, and each disclosure of PII from, the education records of each student, as well as the names of state and local educational authorities and federal officials and agencies that may make further disclosures of PII from the students' education records of the student as long as the education records are maintained. To that end, such record of disclosure should provide/include:

    a. Person/Entities who have requested and/or obtained access to or release of records;.

    b. Entities who have requested and/or obtained transfer of records;

    c. The date of disclosure;

    d. The purpose/reason for the disclosure; and.

    e. The signature of the custodian of the records or personnel.

2. The record of disclosure will be placed permanently in the student's cumulative file.

3. The record of disclosure shall be available to the parent or eligible student, to School Officials responsible for the record system, and to federal, state, and local officials as required.

4. Schools do not have to record disclosures of PII from education records that were made to:

POLICY:  8640  
Page  9

DISCLOSURE OF STUDENT PERSONALLY  
IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

      a.      The parent or eligible student;

      b.      A School Official;

      c.      A party with written consent from the parent or eligible student;

      d.      A party seeking Directory Information (i.e., the release of Directory Information as defined in this policy shall not be entered on the record of disclosure); or

      e.      A party seeking or receiving records in accordance with the provisions in FERPA related to disclosures pursuant to certain types of subpoenas or court orders as set forth in 34 C.F.R. § 99.31(a)(9)(ii)(A)-(C)

E.      <u>Redisclosure of Information Contained in Records</u>

      1.      PII from records, with the exception of DI, shall be disclosed to parties other than the parent or student authorized entity only on the condition that said entity will not redisclose such information without the written consent of the parent or eligible student. Any disclosure of personal information to said parties shall have attached a written statement notifying the recipient of this limitation on redisclosure.

      2.      Written assurance of compliance with this redisclosure may be required by the custodian or School Official of any records before disclosing the records to any entity.

F.      <u>Unauthorized Disclosure of Electronic Records</u>.   In cases in which electronic records containing Personally Identifiable Information are reasonably believed to have been disclosed in violation federal or state law applicable to such information, the School Division shall notify, as soon as practicable, the parent of any student affected by such disclosure, except as otherwise provided in Va. Code §§ 32.1-127.1:05 or 18.2-186.6.

      1.      Such notification shall include the:

          a.      Date, estimated date, or date range of the disclosure;

          b.      Type of information that was or is reasonably believed to have been disclosed; and

          c.      Remedial measures taken or planned in response to the disclosure.

G.      <u>Directory Information (DI)</u>

      1.      DI may be released to entities without written consent of the parent or eligible student under the following conditions:

POLICY: 8640
Page 10

## DISCLOSURE OF STUDENT PERSONALLY
## IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

    a.    Annual written and public notice of the items designated as DI has been provided in hardcopy and on the Loudoun County Public Schools (LCPS) Division webpage.

    b.    Any parent of a student or eligible student may, within fourteen days after written or public notice has been provided, notify the school in writing that all or any part of the items designated as DI about the student shall not be released without prior consent.

    c.    Thereafter, any Parent of Eligible Student may notify the school in writing that all or any part of the DI of the student shall not be released without prior consent, allowing for a 30-calendar day timeframe to implement this request.

2. This policy conveys no right or obligation to non-school organizations, agencies, or persons requesting DI.

3. Any entity requesting DI shall not sell or share (redisclose) Directory Information for mailing lists or other commercial purposes.

4. Directory Information may not include the student's social security number. While LCPS also designates a student's address, phone number and email address as "Directory Information" under FERPA, Va. Code § 22.1-287.1(A) prohibits LCPS from disclosing the address, telephone number, or email address of a student under FERPA's "Directory Information" exception, 34 C.F.R. § 99.31(a)(11), or the Virginia Freedom of Information Act, Va. Code § 2.2-3700 *et seq.*, unless the parent of the student or the eligible student has affirmatively consented in writing to such disclosure. Accordingly, LCPS may disclose this information when the parent of the student or the eligible student has consented in writing or another FERPA exception applies.

H.    <u>Transfer of Records</u>

1. A copy of the educational record, including the disciplinary file, of any student transferring to any school outside LCPS, including institutions of postsecondary education, shall be sent promptly upon request to the appropriate official of the school in which the student seeks or intends to enroll.

2. The parent of any student, or an eligible student, whose records are transferred to another school, shall be provided with a copy of the records upon request and at the actual cost of reproduction and shall have an opportunity for a hearing to challenge the content of those records.

3. Upon the transfer or assignment of a student from one school to another within LCPS, the student's education records, including the disciplinary file, shall promptly

POLICY: 8640

Page 11

DISCLOSURE OF STUDENT PERSONALLY
IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

be sent to the appropriate custodian of records at the new school wherein the student has been transferred or assigned. Any student transfer or assignment within LCPS schools that is the result of disciplinary or safety considerations, or that is pursuant to a court order, shall follow the procedure outlined in Policy 8155(E)(3) (School Assignment).

I. <u>Dissemination and Maintenance of Records About Court Proceedings</u>

    1. <u>Adjudications</u>

        a. The Superintendent shall disseminate the notice or information regarding an adjudication of delinquency or conviction for an offense listed in Va. Code § 16.1-260.G. contained in a notice received pursuant to Va. Code § 16.1-305.1, to school personnel responsible for the management of student records and to other relevant school personnel, including, but not limited to, the principal of the school in which the student is enrolled. The principal shall further disseminate such information to licensed instructional personnel and other school personnel who: (1) provide direct educational and support services to the student; and (2) have a legitimate educational interest in such information.

        b. A parent, guardian, or other person having control or charge of a student, and, with consent of a parent or in compliance with a court order, the court in which the disposition was rendered, shall be notified in writing of any disciplinary action taken with regard to any incident upon which the adjudication of delinquency or conviction for an offense listed in subsection G of Va. Code § 16.1-260 was based and the reasons therefor. The parent or guardian shall also be notified of his or her right to review, and to request an amendment of, the student's scholastic record.

        c. Every notice of adjudication of delinquency or conviction for an offense listed in subsection G of Va. Code § 16.1-260 received by the Superintendent, and information contained in the notice, which is not a disciplinary record as defined in Board of Education regulations, shall be maintained by them and by any others to whom they disseminate it, separately from all other records concerning the student. However, if the school administrators or the School Board takes disciplinary action against a student based upon an incident which formed the basis for the adjudication of delinquency or conviction for an offense listed in subsection G of Va. Code § 16.1-260, the notice shall become a part of the student's disciplinary record.

POLICY: 8640
Page 12

## DISCLOSURE OF STUDENT PERSONALLY IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

    d.    Any notice of disposition received pursuant to Va. Code § 16.1-305.1 shall not be retained after the student has been awarded a diploma or a certificate as provided in Va. Code § 22.1-253.13:4.

2.    <u>Petitions and Reports</u>.  The Superintendent shall not disclose information contained in or derived from a notice of petition received pursuant to Va. Code § 16.1-260 or report received pursuant to Va. Code § 66-25.2:1, except as follows:

    a.    If the juvenile is not enrolled as a student in a public school in the Division to which the notice or report was given, the Superintendent shall promptly so notify the intake officer of the juvenile court in which the petition was filed or the Director of the Department which sent the report and may forward the notice of petition or report to the Superintendent of the school division in which the juvenile is enrolled, if known.

    b.    Prior to receipt of the notice of disposition in accordance with Va. Code § 16.1-305.1, the Superintendent shall disclose the fact of the filing of the petition and the nature of the offense to the principal of the school in which the student is enrolled if the Superintendent believes that disclosure to school personnel is necessary to ensure the physical safety of the student, other students, or school personnel within the Division. The principal shall further disseminate the information regarding a petition, after the student has been taken into custody, whether or not the child has been released, only to those students and school personnel having direct contact with the student and need of the information to ensure physical safety or the appropriate educational placement or other educational services.

    c.    If the Superintendent believes that disclosure of information regarding a report received pursuant to Va. Code § 66-25.2:1 to school personnel is necessary to ensure the physical safety of the student, other students, or school personnel, they may disclose the information to the principal of the school in which the student is enrolled. The principal may further disseminate the information regarding such report only to school personnel as necessary to protect the student, the subject or subjects of the danger, other students, or school personnel. In this determination, the Superintendent shall consult with relevant stakeholders, to include the administration of the student's current school, the administration of the student's prior school (where relevant), a representative from the Office of Safety & Security, a representative of the Office of School Administration, and any outside agencies that may have any relevant information regarding the student, including, but not limited to, local law enforcement, court services, private providers, and the Office of the Commonwealth

POLICY: 8640
Page 13

## DISCLOSURE OF STUDENT PERSONALLY
## IDENTIFIABLE INFORMATION AND OTHER EDUCATIONAL RECORDS

Attorney to assess/ensure the physical safety of the student, other students, or school personnel and discuss any other relevant safety considerations.

3. <u>Protective Orders and Orders Prohibiting Contact with a Child</u>.  Any school principal who receives notice that a circuit court, general district court, juvenile and domestic relations district court, or magistrate has issued a protective order for the protection of any child who is enrolled at the school, or any other order prohibiting contact with such a child, should notify licensed instructional personnel and other school personnel who: (i) provide direct educational or support services to the protected child or the child subject to the order; (ii) have a legitimate educational interest in such information; and (iii) are responsible for the direct supervision of the protected child or the child subject to the order that such order has been issued.

[Former Policy 8-74]
Adopted:  6/12/79
Revised:  3/10/87, 6/22/93, 7/1/97, 4/25/06, 11/29/11, 6/27/17, 9/27/22
Current Revision: 5/9/23

———————————————————————————————————————

Leg Refs.:  Code of Virginia §§16.1-287, 22.1-287 through 22.1-289, 32.1-127.1:05, 18.2-186.6, 20 U.S.C. § 1232g, 34 C.F.R. Part 99

Cross Ref:   Policy 3070, Safety- and Emergency-Related Communications