INTRODUCTION TO STUDENT DISCIPLINE

Loudoun County Public Schools (LCPS) is committed to providing every student enrolled a quality education in an environment that is safe and supportive for teaching and learning.  This section is a brief orientation to the student discipline policies contained in Chapter 8 on Student Conduct and should not be used as a substitute for a careful review of all applicable policies and regulations.

A. Each student is an individual with unique personal, social, and educational needs.  As a result, every disciplinary situation should be considered unique while adhering to the Code of Virginia and the policies of Loudoun County Public Schools.  LCPS is committed to utilizing Multi-Tiered Systems of Support and intervention strategies to promote positive and safe student behavior.

B. <u>Roles and Responsibilities of Students</u>.  The students are expected to arrive to school and class on time every school day ready to learn.  Rules for behavior are provided at each school, as well as in the Student's Rights and Responsibilities (SR&R) Handbook, Student Activities Handbook and the Acceptable and Responsible Use Policy.  Students should conduct themselves within the rules.

C. <u>Roles and Responsibilities of Parent(s)/Guardian(s)</u>.  Parent(s)/Guardian(s) have a shared responsibility with schools for the education of their children and are encouraged to be engaged and involved with their child's school.

1. Each parent/guardian is to assist the school in enforcing the standards of student conduct and school attendance in order that education may be conducted in an atmosphere free of disruption and threat to persons or property, and support of individual rights.  Parent(s)/Guardian(s) shall annually review the Student Rights and Responsibilities (SR&R) Handbook, the Acceptable & Responsible Use Policy 8650 and school rules with their child and acknowledge receipt either electronically or in writing.  A parent's/guardian's failure to acknowledge receipt of the SR&R and the Acceptable & Responsible Use Policy does not exempt students from disciplinary measures for violating school board policy.

2. The school principal may request the student's parent(s)/ guardian(s) who have legal and physical custody of the student, to meet with the principal or his designee to review the School Board's policies on student conduct and the parents'/guardians' responsibility to assist the school in implementing discipline decisions and to ensure the student's compliance with compulsory school attendance law, and to discuss improvement of the child's behavior, school attendance, and educational progress.

INTRODUCTION TO STUDENT DISCIPLINE

D. <u>Roles and Responsibilities of Administrators</u>

1. <u>School-Based Administrators</u>. School-based administrators are principals and assistant principals who are recognized as the instructional leaders of the school and are responsible for effective school management that promotes student achievement, and a safe and secure environment. At the school level, school-based administrators have primary responsibility for enforcing the School Board policy and SR&R. They are authorized to impose a broad range of disciplinary actions, such as in-school suspension, after-school detention, suspension of certain privileges, and out of-school suspension for up to ten (10) days.

2. <u>Superintendent's Designee</u>. At the school division level, the Director of School Administration serves as the superintendent's designee. The Director of School Administration conducts disciplinary hearings, has authority to suspend for more than ten (10) days, investigates incidents, reviews appeal for short and long-term suspensions, expulsions, and involuntary transfers, schedules hearings and prepares recommendations for action by the School Board.

3. <u>Roles and Responsibilities of the School Board</u>. In accordance with Virginia laws and regulations, only the School Board has the authority to establish student conduct policies and procedures, often referred to as "discipline policies." Final administrative authority for all disciplinary matters rests with the School Board to determine how and under what circumstances a disciplinary action may be appealed. Only the School Board has the authority to expel a student from school.

E. <u>Definitions</u>. The following is a list of definitions that are used in this policy.

1. <u>In-school Discipline</u>. Defined as the various disciplinary measures available for appropriate responses to student conduct. These include intervention and counseling, restorative practices, detention, denial of school privileges, minor school work assignments, temporary removal from class, in-school restrictions, and denial of bus riding privileges. Student activities are covered by the Loudoun County Public Schools Student Activities Handbook, training rules, and Policy [8215](8215), In-school Disciplinary Measures, regarding exclusion from participation.

2. <u>Short-term Suspension</u>. Defined as disciplinary action whereby a student is not permitted to attend school for a period not to exceed ten (10) school days.

INTRODUCTION TO STUDENT DISCIPLINE

  3. <u>Long-term Suspension</u>.  Defined as disciplinary action whereby a student is not permitted to attend school for 11 to 45 school days.

  4. <u>Extended Long-Term Suspension</u>.  Defined as disciplinary action whereby a student is removed from a school for a 45-school-day period but shall not exceed 364 calendar days if (i) the offense is one described in Virginia Code §§ 22.1277.07 or 22.1-277.08 or involves serious bodily injury or (ii) the School Board or Division Superintendent or designee finds that aggravating circumstances exist as defined by the Virginia Department of Education which shall mean:

    a. A student engaged in misconduct which caused serious harm (including but not limited to physical, emotional, and psychological harm) to another person(s) or posed a credible threat of serious harm to another person(s), as determined by a threat assessment; or

    b. A student's presence in the school poses an ongoing and unreasonable risk to the safety of the school, its students, staff, or others in the school; or

    c. A student engaged in a serious offense that is:

      (i) Persistent (repeated similar behaviors that are documented in the student's disciplinary record), and

      (ii) Unresponsive to targeted interventions as documented through an established intervention process.

  5. <u>Involuntary Transfer</u>.  Defined as assignment by the Division Superintendent's designee of a student during the school year for adjustment or disciplinary purposes to a school in the division other than the school in which the student was originally enrolled.

  6. <u>Expulsion</u>.  Defined as disciplinary action imposed by a School Board whereby a student is not permitted to attend school within the school division and is ineligible for readmission for 365 calendar days after the date of the expulsion.  Any student for whom the Superintendent or designee has received a report pursuant to Virginia Code §16.1-305.1 of an adjudication of delinquency or a conviction for an

INTRODUCTION TO STUDENT DISCIPLINE

offense listed in subsection G of Virginia Code §16.1-260 may be suspended or expelled from school attendance. A student may apply or reapply for readmission in accordance with School Board policy. The schedule for considering applications for readmission is established in Policy 8225, Readmission of Expelled Students, so that, if the readmission were granted, the student would be allowed to return to school within one calendar year from the expulsion.

F.  Offenses.  Students may be disciplined for any behavior incompatible with the PK-12 learning environment and good citizenship including, but not limited to:

   1. Violations of policies on student conduct constituting cause for discipline;

   2. Willful or continued disobedience of school rules and regulations or school personnel;

   3. Defiance of the authority of any teacher, principal, or other person having authority in the school;

   4. Conduct that endangers or threatens the physical well-being of themselves, other students, or school personnel;

   5. Physical assault upon another person, including fighting and nonconsensual touching;

   6. Damaging in any way, property of the school or any person;

   7. Theft or attempted theft of school property or the personal property of another person;

   8. Participation in unauthorized occupancy of any part of a school building, grounds, or presence on any school property in violation of a directive, or failure to leave promptly any school property after having been directed to do so by the principal or other person in charge;

   9. Use or possession of any weapon or explosives, including fireworks, on school property Policy 8235, Weapons;

   10. Violation of attendance regulations, including leaving school without permission;

INTRODUCTION TO STUDENT DISCIPLINE

11. Cursing, verbal abuse, written abuse, bullying, cyberbullying and aggressive unwanted behavior intended to harm, intimidate, or humiliate the victim;

12. Hateful language and actions based on race, color, national origin, caste, socioeconomic level, religion, sex, pregnancy, childbirth or related medical conditions, sexual orientation, perceived sexual orientation, gender identity, gender expression, marital status, disability, age, genetic information, and/or ability or language that encourages discrimination, hatred, oppression, and violence;

13. Willful interruption or disruption of any school or part thereof;

14. Any threat to bomb, burn, or damage in any manner, a school building or other school property or the property of another person;

15. Violation of Policy 8240, Alcohol, Drugs, Tobacco, and Electronic Cigarettes/Vape Pens;

16. Lying or giving false information, verbally, or in writing, to a school employee, including forgery or the knowing use of forged writing;

17. Failure to abide by restrictions or punishments of a lesser nature such as Policy 8215, In-School Disciplinary Measures;

18. Violation of any law of the United States or the Commonwealth while on school property, or of any policy for which the prescribed punishment is suspension;

19. Unauthorized or illegal use of an LCPS device, personal device, or access to, laser pointer, computers, software, telecommunications, and related technologies; any willful act that causes physical, financial, or other harm, or otherwise disrupts information technology, as defined by Policy 8650, Student Technology Acceptable / Responsible Use;

20. Participation in an individual or group activity that involves inciting, intimidating, harassing, threatening, or committing an assault or other act of violence;

21. Disruptive behavior; or

INTRODUCTION TO STUDENT DISCIPLINE

  22. Other sufficient cause; however, in no case may sufficient cause for suspensions include only instances of truancy.

  23. Although the majority of suspensions and expulsions result from acts at school or school-sponsored activities, a student may be suspended or expelled also for acts off school property when the acts lead to a court judgment of delinquency, a conviction for very serious crimes, or a charge that would be a felony if committed by an adult. These laws were enacted by the Virginia General Assembly with the intent of protecting students from others who have committed violence or other serious crimes.

G. <u>Self-Defense</u>. Students involved in a physical assault or fighting may qualify for the rationale of self-defense if all the requirements, as detailed below are satisfied and proven by the student, but under no circumstances may a child ever bring to school or possess a weapon or knife of any kind whatsoever.

  1. As a last resort, a student may use physical force to defend themselves from physical aggression from other students or individuals on school property or at school-sponsored activities provided that the student:

    a. be without fault in provoking or bringing on the fight or incident;

    b. reasonably feared, under the circumstances as they appeared to the student, that the student was in danger of harm and the aggressor committed at least one overt act indicative of imminent physical danger; and

    c. used no more force than was reasonably necessary to protect themselves from the threatened physical harm.

  2. In accordance with Policy 8205, Discipline Authority, claims of self-defense do not constitute a valid defense of possession or use of a weapon or knife when students are:

    a. Present at any school or on school property;

    b. Participating in or attending any school-sponsored activity, regardless of its location, including traveling to and from an event;

    c. Going to or returning from school, whether or not the student is walking, waiting for, or riding a school bus, or is in a personal or private vehicle, or any other mode of transportation; or

        d.      Involved in conduct, regardless of whether it took place off school property or at a school-sponsored event that substantially disrupts school operations.

H.      <u>Good Faith Acts.</u>  Any student who renders emergency assistance in good faith, for the safety of other students and staff, shall not be subject to disciplinary measures.

I.      <u>Investigations and Searches</u>.  All searches involve some measure of intrusion into privacy.  Policy 8265, Student Searches and Seizures, seeks to balance the privacy interests of students against the need to maintain order, discipline, safety, and security for all staff and students.  The policy addresses a variety of search techniques.  In nonemergency situations, a law enforcement agent's interviews of students suspected of criminal activity should not occur at school whenever feasible.  If this is not feasible and the student is a minor, a reasonable effort by the school principal or their designee should be made to inform the parent(s)/guardian(s) of the suspected student and ask for their consent prior to law enforcement's interview.

J.      <u>Review of Short-Term Suspensions</u>. Review of Short-Term suspensions are covered in Policy 8220, Suspensions from School.

K.      <u>Appeals of Long-Term Suspensions and Expulsions.</u>  Long-term suspensions and Expulsions are covered in Policy 8220, Suspension from School.

[Former Policy 8-25]
Adopted:  9/22/15
Revised: 6/11/19
Current Revision:  6/8/21

---

Legal Refs: §§16.1-305.1, 16.1-260, 22.1-253.13:7.C.3, 22.1-276.01, 22.1-277, 22.1-279.6.B, 22.1-279.9 of the Code of Virginia, Section 8 VAC 20-131-210.A and B

Cross Refs: Policy 8650, Student Technology Acceptable/Responsible Use Policy; Policy 8215, In-School Disciplinary Measures; Policy 8225, Re-Admission, Exclusion or Admission of Students; Policy 8235, Weapons; Policy 8240, Alcohol, Drug, Tobacco and Electronic Cigarettes; Policy 8205, Discipline Authority; Policy 8265, Student Searches and Seizures; Policy 8220, Student Suspension From School