**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| S.W., by his parents and next friends, ) | |
|     SETH WOLFE and AMANDA WOLFE, et al., ) | |
|         Plaintiffs, ) | |
| v. ) | Civil Action No. 1:25-cv-1536 |
| ) | |
| LOUDOUN COUNTY SCHOOL BOARD, ) | |
| ) | |
|         Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED TO THIRD-PARTY LOUDOUN4 ALL, LLC**

COMES NOW Defendant, Loudoun County School Board ("LCPS"), by counsel, and in support of its Motion to Quash Subpoena Issued to Third-Party Loudoun4 All, LLC, filed pursuant to Fed. R. Civ. P. 45(d)(3)(A), states as follows:

**INTRODUCTION**

Plaintiffs – two minors attending (or – in the case of JS - who did attend) high school within Loudoun County – have filed this lawsuit asserting various claims of violations of free speech, religious discrimination, sex discrimination, due process and a claim of civil conspiracy between LCPS and Loudoun4 All, LLC ("Loudoun4 All"), a Virginia limited liability company and political action committee. *See* ECF No. 53. Plaintiffs' claims all emanate from their purported concerns that a student (referred to as "Student A") was using the boys' locker room, consistent with School Board Policy 8040, although Student A was born female. Plaintiffs maintain that they complained about Student A's use of the boys' locker room, dating as early as October of 2024, but that LCPS did nothing to address their concerns. *Id.*, ¶¶ 59-83. Subsequently, on March 19, 2025, Plaintiffs allege that Student A secretly recorded them in the boys' locker room in a pre-

1

mediated act to try to provoke an adverse reaction from the boys to get them in trouble. *Id.*, ¶¶ 86-102. Plaintiffs maintain that Student A then reported Plaintiffs' behavior to LCPS, resulting in threat assessments and a Title IX investigation being conducted. *Id.*, ¶¶ 103-122, 131-142. Plaintiffs contend that the Title IX investigation was "filled with inconsistencies, inaccuracies and contradictions that evince the Decision Panel's discriminatory motives against Plaintiffs." *Id.*, p. 23. They contest the Title IX findings issued against them. *Id*, ¶¶ 264-320. Finally, Plaintiffs contend that LCPS conspired with Loudoun4 All, a political action committee – **on or about October 14, 2025** - to retaliate against Plaintiffs and their parents for filing this action. *Id*., ¶¶ 321-343.

On November 10, 2025, Plaintiffs issued a subpoena to Loudoun4 All – a third-party to this action - seeking an extraordinary number of documents, most of which have no relevance to any issue in this litigation. *See* subpoena appended to Motion to Quash. Although Plaintiffs have not filed a return of service, undersigned counsel has confirmed with Loudoun4 All that it has been served with the subpoena.

LCPS submits that paragraphs 7 through 17 and 20[1] of the subpoena have no relevance to this litigation and should be quashed. What Plaintiffs (or their counsel) are attempting to do – through those document requests – is to use this litigation, in which they have recently added a far-fetched claim of civil conspiracy between LCPS and Loudoun4 All, to target a political opponent (Loudoun4 All) and reach into its operation for documents which have no bearing on any issue in this case. Not only does that serve to harass, burden and interfere with Loudoun4 All, but it also drags LCPS into a battle between the two in the course of litigation where that battle

---

[1] Paragraph 20 is also unlimited in scope and extremely overbroad and burdensome.

2

has no place. Additionally, LCPS submits that the civil conspiracy claim which Plaintiffs recently asserted in their Amended Complaint (ECF No. 53) is frivolous and will be the subject of a motion to dismiss to be argued on December 19, 2025 immediately preceding this motion. In the event that the district court grants that motion and dismisses Count XII, civil conspiracy under 42 U.S.C. § 1983, which is fully anticipated, LCPS moves to also quash the remaining paragraphs of the subpoena to Loudoun4 All, as the documents will have no relevance to any claim remaining between Plaintiffs and LCPS.

## LAW AND ARGUMENT

### A. Legal Standard

The Federal Rules of Civil Procedure authorize litigants to subpoena nonparties to produce documents **relevant** to the case. See Fed. R. Civ. P. 45(a)(1)(A)(iii); *Bell, Inc. v. GE Lighting, LLC*, No. 6:14cv12, 2014 U.S. Dist. LEXIS 56170, 2014 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014) ("The scope of discovery for a nonparty litigant under a subpoena . . . is the same as the scope of a discovery request made upon a party to the action, and a party is entitled to information that is relevant to a claim or defense in the matter at issue" (quotation marks and brackets omitted)) (Moon, J.). But because nonparties are "'strangers' to the litigation" who have "no dog in [the] fight," the standard of review for a nonparty subpoena is higher than that used to assess discovery requests to litigants. *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)) (alteration in original).

When a subpoena is directed to a nonparty, "courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." *Jordan*, 921 F.3d at 189 (quoting *Weinman v. Cable*, 427 F.3d 49, 53 (1st Cir. 2005)). Thus, "even if they have information that falls within the scope of party discovery,"

3

nonparties "should not be drawn into the parties' dispute **without some good reason**." *Id*. (emphasis added). Accordingly, when assessing a subpoena directed to a nonparty, the court must also consider three additional factors. *Id*. at 189-90. First, the court must consider whether the requesting party "need[s]" the information sought, meaning that the information "likely (not just theoretically) . . . offer[s] some value over and above what the requesting party already has." *Id*. at 189. Second, the court must consider whether the requesting party can obtain the same or comparable information "that would also satisfy its needs" from other sources. *Id*. And third, the court must consider whether the request will impose a "cognizable burden[]" on the nonparty. *Id*. at 189-90 (explaining that "[a] nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs" and listing costs, overbreadth, privacy, and confidentiality interests as examples of cognizable burdens); *see also Eshelman v. Puma Biotechnology, Inc.*, No. 7:16cv18, 2017 U.S. Dist. LEXIS 196494, 2017 WL 5919625, at *7 (E.D.N.C. Nov. 30, 2017) ("A subpoena is overbroad if it does not limit the documents requested to subject matter relevant to the claims or defenses.") (quoting *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008)).

Rule 45(d)(3)(A) provides that "[o]n timely motion," the Court "must quash or modify" a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). A subpoena subjects a nonparty to undue burden if it "seeks information irrelevant to the case or that would require [the] non-party to incur excessive expenditure of time or money." *Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012); *see also Sziber v. Dominion Energy*, 2021 U.S. Dist. LXIS 250163, at * 7 (E.D. Va. Sept. 14, 2021) (citing *Singletary v. Sterling Transp. Co*., 289 F.R.D. 237, 241 (E.D. Va. 2012) (quoting *Cook v. Howard*, 484 Fed. App'x 805, 812 n.7 (4th Cir. 2012)).

4

"[T]he party objecting to the discovery" bears the burden of proving that the court should not permit "the challenged production." *Singletary*, 289 F.R.D. at 241.

**B. Paragraphs 7 through 17 and 20 of the subpoena has no relevance to the issues in the litigation and, therefore, is unduly burdensome.**

Paragraphs 7 through 17 and 20 generally request production of documents "comprising and/or associated with:"

7: Communications between LCPS Board Members and Loudoun4 All, related to Loudoun4 All's publication of the document entitled, "Virginia Republicans Exploit Loudoun Children in Renewed Anti-Trans Election-Year Crusade."[2]

8. Drafts of "Virginia Republicans Exploit Loudoun Children in Renewed Anti-Trans Election-Year Crusade."

9. Communications between LCPS Board Members and Loudoun4 All, related to Loudoun4 All's publication of the document entitled, "Statement on Recent 'News' Regarding Stone Bridge High School."

10. Drafts of "Statement on Recent 'News' Regarding Stone Bridge High School."

11. Communications between LCPS Board Members and Loudoun4 All, related to Loudoun4 All's publication of the document entitled, "School Renaming in Loudoun County."

12. Drafts of "Statement on Recent 'News "School Renaming in Loudoun County."

13. Communications between LCPS Board Members and Loudoun4 All, related to Loudoun4 All's publication of the document entitled, "Changes to Public Comment at LCPS School Board Meetings."

---

[2] The publications referenced in the subpoena are available at Loudoun4 All's website at https://www.loudoun4all.com/fact-sheets

14. Drafts of "Changes to Public Comment at LCPS School Board Meetings."

15. Communications between LCPS Board Members and Loudoun4 All, related to Loudoun County Sheriff's Office Deputy Michael Rivera's statements and/or conduct at the April 9, 2024, school board meeting.

16. Communications between LCPS Board Members and Loudoun4 All, related to Loudoun County Sheriff's Office Deputy Michael Rivera's statements and/or conduct at the October 8, 2024, school board meeting.

17. Communications between LCPS Board Members and Loudoun4 All, related to School Board Chairwoman Melinda Mansfield's $1500 donation to Loudoun4 All on October 28, 2025.

20. Communications between LCPS Board Members and Loudoun4 All from January 1, 2024 to the present.

With regard to the publications (paragraphs 7 through 14) they are on topics which have absolutely no bearing on the claims raised by Plaintiffs against LCPS in this case. They were published **prior to** any alleged conspiracy between LCPS and Loudoun4 All, which allegedly occurred on October 14, 2025, and they have nothing to do with the claim that LCPS and Loudoun4 All purportedly have engaged in a civil conspiracy to retaliate against Plaintiffs (two minors) for filing this lawsuit against LCPS. The publications express Loudoun4 All's political views on various issues and criticize their political opponents for stances which they have taken on the issues. Loudoun4 All should not be required to search for any produce the requested documents, and Plaintiffs should not be permitted to use this litigation as a means to obtain documents from a

political action group with which they (or their attorneys) are at odds. This is an improper use of the discovery tools available to litigants, and it should not be sanctioned.[3]

With regard to paragraphs 15 and 16, LCPS has previously filed a Motion to Quash a subpoena to the Loudoun County Sheriff's Office for these same types of records. *See* ECF Nos. 58 and 59. Rather than restating its objection to Plaintiffs using this litigation – improperly – to obtain the requested records, LCPS refers to its Motion to Quash the subpoena to the Loudoun County Sheriff's Office and supporting memorandum, ECF Nos. 58 and 59, which are incorporated herein by reference.

Paragraph 17 seeks to obtain documents related to School Board Chair Melinda Mansfield's $1,500 donation to Loudoun4 All – a political action committee - on October 28, 2025. The importance of campaign contributions and expenditures as political speech is beyond question. Such speech is central to the "unfettered interchange of ideas" in the political sphere. *Roth v. United States*, 354 U.S. 476, 484, 1 L. Ed. 2d 1498, 77 S. Ct. 1304 (1957). "The First Amendment affords the broadest protection to such political expression in order 'to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people.'" *Buckley v. Valeo*, 424 U.S. 1, 14, 96 S. Ct. 612, 632, 46 L.Ed. 2d 659 (1976) (quoting *Roth v. United States*, 354 U.S. 476, 484, 77 S. Ct. 1304, 1308, 1 L. Ed. 2d 1498 (1957)). The Supreme Court expressly noted that money spent on political campaigns, whether involving candidates or issues, is a form of political expression and thus entitled to First Amendment protection. 424 U.S. at 19, 96 S. Ct. at 634-635. Ms. Mansfield's donation to a political action

---

[3] Judge Brinkema previously warned Plaintiffs' counsel not to use Plaintiffs as political pawns. That admonition has apparently fallen on deaf ears.

committee is entitled to First Amendment protection, and Loudoun4 All should not be required to produce the requested records.

Paragraph 20 – on its face – is clearly overbroad and unduly burdensome, and there is no effort to even attempt to limit discovery to issues in this litigation. Instead, Plaintiffs ask Loudoun4 All, LLC to provide documents related to communications between LCPS Board Members and Loudoun4 All related to any topic at all, so long as the communication s occurred from January 1, 2024 to the present. This request must be quashed.

The court also must consider whether the information sought likely (not just theoretically) offers some value over and above what Plaintiffs already possess, since Plaintiffs seek to burden a third-party to produce documents. It is impossible to conclude that this is the case with regards to paragraphs 7 through 27 and 20. What claim raised by Plaintiffs will likely be advanced or supported if Loudoun4 All is required to respond to these paragraphs? LCPS submits the answer is none. Further, if the district court grants LCPS motion to dismiss Count XII, the civil conspiracy claim, the information and documents sought through the remainder of the subpoena also will not likely advance or support any claim which Plaintiffs make against LCPS.

The court must also consider whether Plaintiffs can obtain the same or comparable information "that would also satisfy its needs" from other sources. While LCPS disputes that Plaintiffs have any need for the requested documents, Plaintiffs can obtain the bulk of the documents at issue – if they exist – from LCPS.[4]

Finally, the court must consider whether the request will impose a cognizable burden on Loudoun4 All. As noted above, this inquiry includes consideration of costs, relevance,

---

[4] This would not be true as it pertains to publications and drafts of the same requested by Plaintiffs.

8

overbreadth, privacy, and confidentiality interests. Each of these factors weighs against Plaintiffs, for the reasons outlined above.

## **CONCLUSION**

WHEREFORE, because the subpoena to the Loudoun County Sheriff's Office seeks documents which have no relevance to this case and is overbroad, it is unduly burdensome and should be quashed. Loudoun County School Board asks that the court so find and enter an order quashing paragraphs 7 through 17 and 20, and in the event that the district court dismisses Count XII in the Amended Complaint, quashes the subpoena in its entirety.

**LOUDOUN COUNTY SCHOOL BOARD**
By Counsel

_____/s/_____
Heather K. Bardot, Esquire
VSB No. 37269
McGAVIN, BOYCE, BARDOT
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
hbardot@mbbtklaw.com
azick@mbbtklaw.com
Counsel for Defendant

## CERTIFICATION PURSUANT TO LOCAL RULE 37(E)

On Monday, November 24, 2025, at the request of undersigned counsel, a telephone conference was held with Plaintiff's counsel, Andrew Block, in a good faith effort to persuade Plaintiffs to withdraw or limit the subpoena at issue so that this motion would not be required. Plaintiffs have declined the request, necessitating the motion.

_____/s/_____
Heather K. Bardot, Esquire
VSB No. 37269
Anna G. Zick, Esquire
VSB No.
McGAVIN, BOYCE, BARDOT
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:   (703) 385-1000
Facsimile:    (703) 385-1555
hbardot@mbbtklaw.com
azick@mbbtklaw.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2025, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew Block
Ian Prior
Nicholas R. Barry
Robert A. Crossin
America First Legal Foundation
611 Pennsylvania Avenue, SE, #231
Washington, D.C. 20003
(202) 836-7958
andrew.block@aflegal.org
ian.prior@aflegal.com
nicholas.barry@aflegal.com
bobby.crossin@aflegal.com
Counsel for Plaintiff

Joshua A. Hetzler, Esq. (VSB No. 89247)
Michael B. Sylvester, Esq. (VSB No. 95023)
FOUNDING FREEDOMS LAW CENTER
707 E. Franklin Street
Richmond, VA 23219
michael@foundingfreedomslaw.org
josh@foundingfreedomslaw.org
Co-Counsel for Plaintiff

Ellis L. Bennett
Dunlap Bennett & Ludwig PLLC
211 Church Street SE
Leesburg, Virginia 20175
ebennett@dbllawyers.com
Co-Counsel for Plaintiff

and mailed and emailed to:

Loudoun4 All, LLC
c/o Daniel Goldman, Esquire
The Law Office of Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
dan@dangoldmanlaw.com


_____/s/_____
Heather K. Bardot, Esquire
VSB No. 37269
McGAVIN, BOYCE, BARDOT
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
hbardot@mbbtklaw.com
Counsel for Defendant

11