# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| S.W., by his parents and next friends, SETH WOLFE and AMANDA WOLFE, et al., | : <br> : |
| Plaintiffs. | : Case No.: 1:25-cv-1536 |
| v. | : |
| LOUDOUN COUNTY SCHOOL BOARD, | : |
| Defendant. | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED TO THIRD-PARTY LOUDOUN4ALL, LLC

COMES NOW Loudoun4All, LLC, a non-party political action committee, by counsel, and in support of its motion to quash the November 10, 2025, subpoena for documents served upon it in the above-captioned case pending before this Court (the "Subpoena"). The Subpoena seeks broad, intrusive, and unduly burdensome disclosure of Loudoun4All's internal communications and alleged communications with members of the Loudoun County School Board ("LCSB") concerning, among other things, campaign donations and political speech. For the reasons stated below and to be argued before the Court at the hearing scheduled on December 19, 2025, at 10:00 a.m., Loudoun4All's Motion to Quash should be granted.

## INTRODUCTION

Plaintiffs have filed suit against the Loudoun County School Board ("LCSB") asserting violations of their rights to free speech and due process, religious and sex discrimination, and – as added in the Amended Complaint – civil conspiracy. *See* ECF No. 53. Loudoun4All is not a party to the lawsuit but is alleged by Plaintiffs in the Amended Complaint as having conspired with

LCSB – on or about October 14, 2025 – "to injure, oppress, threaten, and/or intimidate the Plaintiffs in the free exercise and/or enjoyment of their rights." *Id.* at ¶ 329.

On November 10, 2025, Plaintiffs issued a subpoena to Loudoun4All seeking an expansive and burdensome number of documents that are irrelevant to issues in the underlying litigation. The Subpoena was served on a registered agent of Loudoun4All on November 17, 2025, though no return of service has been filed with the Court.

As further set forth below, Paragraphs 1 through 21 of the Subpoena's Requests for Documents and Other Tangible Things are irrelevant to the litigation. The requests are targeted at a political opponent to harass and interfere with Loudoun4All's operations and seek to invade Loudoun4All's First Amendment rights to association and political speech. Many of the documents sought – to the extent they exist – would be equally available from LCPS, a party to the litigation.

Plaintiffs' counsel has represented to undersigned counsel that the documents sought are relevant to the Conspiracy Count in the Amended Complaint, a claim Loudoun4All disputes, and which will be the subject of Defendant's forthcoming Motion to Dismiss. *See* ECF 64 at 2-3. In their Amended Complaint, Plaintiffs allege "LCPS conspires with a political action committee to retaliate against the Plaintiffs and their parents for filing this action," and then goes on to make a series of other false allegations and statements about Loudoun4All. ECF 53 ¶¶ 329-343.

The documents requested by Plaintiffs are not relevant to any claim or defense in the litigation before the Court. The Subpoena is overly broad, seeks information already in the possession of parties to the litigation and available through discovery by other means, and is unduly burdensome. It should be quashed.

**ARGUMENT AND MEMORANDUM OF LAW**

I.     **Legal Standard**

"All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). First, discovery sought must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Second, discovery must be "proportional to the needs of the case." *Id*. "Proportionality requires courts to consider, among other things, 'whether the burden or expense of the proposed discovery outweighs its likely benefit.' This relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Jordan*, 921 F.3d at 188-89. In assessing proportionality, courts must consider multiple factors: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Gilmore v. Jones*, 339 F.R.D.111, 120, W.D. Va. 2021 (quoting Fed. R. Civ. P. 26(b)(1)).

Fed. R. Civ. P. 45 imposes additional duties on party counsel when issuing a subpoena to a non-party to the litigation in that reasonable efforts must be made to "avoid imposing undue burden or expense" to the non-party subpoena recipient. Fed. R. Civ. P. 45(d)(1). This rule works in conjunction with Fed. R. Civ. P. 26(b)(2)(C), which empowers courts to prohibit discovery where the proponent seeks information that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). "Rule 45(c)(3) requires the Court to quash a subpoena that 'subjects a person to an undue burden.'" *Singletary v. Sterling Transp. Co.,* 289 F.R.D. 37, 241 (E.D. Va. 2012). Here, Plaintiffs' subpoena is overly broad and unduly burdensome and should be quashed.

### A. Non-Parties are Entitled to Greater Protection from Intrusive and Burdensome Discovery

Loudoun4All and its members and donors are not defendants or otherwise parties in this litigation. It is well established that non-parties are entitled to greater protection from intrusive and burdensome discovery requests. *Hall v. Balt. Police Dep't*, 2025 U.S. Dist. LEXIS 26704, *13-14 (Dist. Md. 2025). "Non-party status receives 'special weight' and 'lead[s] to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." *Id*. at *14 (quoting *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (internal quotes omitted); *see also*, *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); *Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. Cal. 1980); *Belk v. Smith*, 2014 U.S. Dist. LEXIS 141736, *7 (M.D.N.C. Oct. 6, 2014) (noting "the recognized purpose of protecting non-parties from unnecessary discovery burdens"); *DigiProtect USA Corp. v. Doe*, 2011 U.S. Dist. LEXIS 109464, *15 (S.D.N.Y. Sept. 26, 2011) ("Courts are especially sensitive to the burdens placed on nonparties."); *Thayer v. Chiczewski*, 257 F.R.D. 466, 469 (N.D. Ill. 2009*); Collins & Aikman Corp. v. J. P. Stevens & Co.*, 51 F.R.D. 219, 221 (D.S.C. 1971) ("There appear to be quite strong considerations indicating that the discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents."); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The rule is thus well established that nonparties to litigation enjoy greater protection from discovery than normal parties."). Even when a non-party has "information that falls within the scope of party discovery, [it] should not be drawn into the parties' disputes without some good reason." *Jordan*, 921 F.3d at 189.

a. **Plaintiffs' Subpoena is Overbroad**

Plaintiffs' far-reaching, 21-paragraph subpoena seeks the following:

1. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2],[1] related to LOUDOUN FOR ALL's publication of the DOCUMENT entitled, "Loudoun4All Statement: Update on Stone Bridge Locker Room Incident and Title IX Investigation.

2. All DOCUMENTS comprising and/or associated with any drafts of "Loudoun4All's Statement: Update on Stone Bridge Locker Room Incident and Title IX Investigation."

3. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], related to LOUDOUN FOR ALL's publication of the DOCUMENT entitled, Updated Timeline of Events Surrounding the Incident."

4. All DOCUMENTS comprising and/or associated with any drafts of "Updated Timeline of Events Surrounding the Incident."

5. All DOCUMENTS used, referenced, or that provided a factual basis for any statements in the LOUDOUN FOR ALL publications entitled "Loudoun4All Statement: Update on Stone Bridge Locker Room Incident and Title IX Investigation," "Updated Timeline of Events Surrounding the Incident," "Court Documents Filed by LCPS About the Investigation and Appeal," "Virginia Republicans Exploit Loudoun Children in Renewed Anti-Trans Election-Year Crusade," Statement on Recent 'News' Regarding Stone Bridge High School," "School Renaming in Loudoun County," and "Changes to Public Comment at LCPS School Board Meetings."

6. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], related to LOUDOUN FOR ALL's publication of the DOCUMENT entitled, "Court Documents Filed by LCPS About the Investigation and Appeal."

---

[1] Names of individuals redacted.

7. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], related to LOUDOUN FOR ALL's publication of the DOCUMENT entitled, "Virginia Republicans Exploit Loudoun Children in Renewed Anti-Trans Election-Year Crusade."

8. All DOCUMENTS comprising and/or associated with any drafts of "Virginia Republicans Exploit Loudoun Children in Renewed Anti-Trans Election-Year Crusade."

9. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], related to LOUDOUN FOR ALL's publication of the DOCUMENT entitled, "Statement of Recent 'News' Regarding Stone Bridge High School."

10. All DOCUMENTS comprising and/or associated with any drafts of "Statement on Recent 'News' Regarding Stone Bridge High School."

11. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], related to LOUDOUN FOR ALL's publication of the DOCUMENT entitled, "School Renaming in Loudoun County."

12. All DOCUMENTS comprising and/or associated with any drafts of "School Renaming in Loudoun County."

13. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], related to LOUDOUN FOR ALL's publication of the DOCUMENT entitled, "Changes to Public Comment at LCPS School Board Meetings."

14. All DOCUMENTS comprising and/or associated with any drafts of "Changes to Public Comment at LCPS School Board Meetings."

15. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL

BOARD members and [REDACTED #1 and REDACTED #2], related to Loudoun County Sheriff's Office Deputy Michael Rivera's statements and/or conduct at the April 9, 2024, school board meeting.

16. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], related to Loudoun County Sheriff's Office Deputy Michael Rivera's statements and/or conduct at the October 8, 2024, school board meeting.

17. All DOCUMENTS comprising and/or associated with COMMUNICATIONS related to LOUDOUN COUNTY SCHOOL BOARD CHAIRWOMAN MELINDA MANSFIELD'S $1,500 donation made to LOUDOUN FOR ALL on October 28, 2025.

18. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], related to the LAWSUIT.

19. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], related to LOUDOUN COUNTY PUBLIC SCHOOLS' Title IX Investigation of the PLAINTIFFS.

20. All DOCUMENTS comprising and/or associated with COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and LOUDOUN FOR ALL, including but not limited to COMMUNICATIONS between LOUDOUN COUNTY SCHOOL BOARD members and [REDACTED #1 and REDACTED #2], from January 1, 2024 to present.

21. All DOCUMENTS comprising and/or associated with DOCUMENTS REFERRING or RELATING to YOUR document retention or document destruction policies and procedures in effect at YOUR organization from January 1, 2024, to the present.

By Paragraphs 1, 3, 6, 7, 9, 11, 13, and 15-20, Plaintiffs effectively seek not only all communications between Loudoun4All, a political action committee, and LCSB, a local government entity, but all documents "comprising and/or associated with" those communications.

The request contains no limit; it is classically overbroad, not limited in time, topic, or scope, and does not sufficiently tailor the request to documents that are both relevant and proportional to the matter at hand. *Cf. Trans Union, LLC v. Scroggins*, 2024 U.S. Dist. LEXIS 162265 *24-25 (E.D. Va. 2024) ("considering the minimal relevance of the requested information, its availability from a more logical target to the litigation, the substantial overbreadth and undue burden, and Trans Union's partial response, the Court, in its discretion, quashes the Subpoena"). The subpoena should be quashed for overbreadth alone. *See*, *e.g.*, *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) ("A subpoena may be so sweepingly overbroad … that it should be quashed in its entirety.").

Paragraphs 7 through 14 request materials on topics completely unconnected from claims raised by Plaintiffs against LCSB. The publications referenced were published prior to any conspiracy alleged between LCSB and Loudoun4All and do not even purport to connect to any alleged retaliation by LCSB against Plaintiffs for filing the suit at hand. The publications are pure political speech, expressing views of Loudoun4All on a host of political issues. Counsel for Plaintiffs may take political issue with the views expressed by Loudoun4All, but this litigation between Plaintiffs and LCSB should not be permitted to serve as a sword in a separate and unrelated political war waged by Plaintiffs' counsel. Discovery is not a means to air political grievances but a legal mechanism for gathering limited information for the purpose of litigation. Plaintiffs' overbroad subpoena should thus be quashed.

b. **Plaintiffs' Subpoena Imposes Undue Burdens on a Non-Party**

By Paragraphs 8, 10, 12, 14, and 21, Plaintiffs seek work product of a political action committee, including internal communications and document drafts bearing no connection whatsoever to the litigation at hand. While Paragraphs 2, 4, and 5 ostensibly connect topically to the litigation, they unduly burden Loudoun4All by seeking internal deliberations and work product

of the political action committee, go well beyond any reasonable time limitation, and seek information irrelevant to the issues before the Court. Loudoun4All's internal draft documents can have no bearing on Defendant LCSB's potential liability in the current litigation.

Loudoun4All is a small, non-professional political action committee, whose unpaid volunteer members work together to support candidates and policies that advocate for equity and justice in Loudoun County. It has no IT department or support staff and relies entirely on grass roots fundraising to operate. Any request for documents from Loudoun4All is burdensome. Plaintiffs' subpoena, which fails to connect its requests to any basis in the litigation at hand or any meritorious claim, unduly burdens non-party Loudoun4All and should be quashed.

**B. Loudoun4All is a Political Action Committee Whose Members' Rights to Free Association and Speech Would be Violated by the Court's Enforcement of the Subpoena.**

At the core of Plaintiffs' subpoena is an attack on political speech. By their subpoena, Plaintiffs seek to stifle and burden citizens for their political views and actions. Each paragraph in the Subpoena seeks information protected by the First Amendment rights to free association and speech. There is no "doubt that freedom to associate with others for the common advancement of political beliefs and ideas is a form of 'orderly group activity' protected by the First and Fourteenth Amendments." *Kusper v. Pontikes*, 414 U.S. 51, 56 (1973). Enforcement of Plaintiffs subpoenas would have the effect of chilling political speech and association by making members of similarly situated advocacy groups less likely to organize and advocate for their positions.

"[T]he right of association is a basic constitutional freedom that is closely allied to freedom of speech and a right which, like free speech, lies at the foundation of a free society. *Buckley v. Valeo*, 424 U.S. 1, 25 (1976) (citing *Kusper v. Pontikes*, 414 U.S. at 57 (1973) and *Shelton v. Tucker*, 364 U.S. 479, 486 (1960). Plaintiffs' subpoenas directly attack the fundamental rights of free association and political speech protected by the First Amendment.

9

By Paragraph 17, Plaintiffs seek documents related to a donation to Loudoun4All by LCSB Chair Melinda Mansfield, on October 28, 2025, after the alleged date of conspiracy between LCSB and Loudoun4All. The donation itself is a matter of public record, as evidenced by Plaintiffs' ability to obtain the information without the Subpoena. Documents and communications relating to the donation are political speech. Such speech is essential to the "unfettered exchange of ideas for the bringing about of political and social changes desired by the people." *Buckley*, 424 U.S. at 14 (1976) (quoting *Roth v. United States*, 354 U.S. 476, 484 (1957)). Funds expended for political expression are entitled to First Amendment protection. *Id*. at 19. Loudoun4All should not be compelled to produce records related to Ms. Mansfield's political speech.

C. **The Subpoena Seeks Information Irrelevant to the Lawsuit and Otherwise Available from Parties to the Litigation.**

The majority of the information sought by Plaintiffs' Subpoena constitutes communications between LCSB and Loudoun4All. As such, the information, if relevant, is available through a party to the litigation. Because Plaintiffs could obtain the information from a party, non-party Loudoun4All should not be compelled to produce cumulative or duplicative materials.

## CONCLUSION

For the reasons stated above, Loudoun4All, by undersigned counsel, respectfully moves this Honorable Court to quash the November 10, 2025, Subpoena issued by Plaintiffs.

    Loudoun4All
    By Counsel

    _____/s/_____
    Daniel H. Goldman, VSB # 82144
    The Law Office of Daniel Goldman

421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709 – Phone
dan@dangoldmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November, 2025, I will electronically file the foregoing Motion with the Clerk of Court using the CM/ECF system, which will provide service to all parties.

/s/
Daniel H. Goldman, VSB # 82144
The Law Office of Daniel Goldman
421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709 – Phone
dan@dangoldmanlaw.com