**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| S.W., by his parents and next friends, ) | |
|     SETH WOLFE and AMANDA WOLFE, et al., ) | |
|         Plaintiffs, ) | |
| v. ) | Civil Action No. 1:25-cv-1536 |
| ) | |
| LOUDOUN COUNTY SCHOOL BOARD, ) | |
| ) | |
|         Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO QUASH SUBPOENAS ISSUED TO THIRD-PARTIES AT&T**
**AND VERIZON AND ENTER A PROTECTIVE ORDER**

COMES NOW Defendant, Loudoun County School Board ("LCPS"), by counsel, and in support of its Motion to Quash Subpoenas Issued to Third-Parties AT&T and Verizon and Enter a Protective Order, filed pursuant to Fed. R. Civ. P. 26 and 45(d)(3)(A), states as follows:

**INTRODUCTION**

LCPS has filed two prior motions to quash. The first pertained to a subpoena to the Loudoun County Sheriff's Office. ECF No. 58. Plaintiffs have withdrawn that subpoena, ECF No. 73, but not in response to LCPS's objection. Rather, according to Plaintiffs' counsel, "[a]fter hearing from the Loudoun County Sheriff's Office and understanding what it would take for them to comply, including the burden it would place on their office, we have reconsidered the need for the subpoena and will be withdrawing it." The second motion to quash pertains to a subpoena issued to Loudoun4 All, LLC. ECF No. 63. That motion is currently set for a hearing on December 19, 2025.

1

In its briefing related to the two prior motions to quash, ECF Nos. 59 and 63, LCPS has provided the court with an overview of this case. LCPS refers the court to those pleadings rather than repeating itself here.

In their continued effort to obtain discovery which has no possible relevance to this case and to harass and burden persons who have divergent political views from Plaintiffs' counsel (and possibly Plaintiffs), Plaintiffs have issued subpoenas for all documents reflecting all (a) incoming and outgoing text messages, and (b) incoming, outgoing and missed phone calls and voice messages, **with no limitations**, from March 19, 2025 to the present for: (1) Melinda Mansfield, Chair of the School Board; (2) Arben Istrefi, Sterling District School Board Member; (3) Dr. Sumera Rashid, Little River District School Board Member; (4) April Chandler, Algonkian District School Board Member; (5) Anne Donohue, At-Large School Board Member;[1] (6) Heather Gottlieb, board member of Loudoun4 All, LLC, a political action committee; and (7) Meredith Ray, board member of Loudoun4 All, LLC, a political action committee and Deputy Chair or Vice Chair of Operations for the Loudoun County Democratic Committee. The subpoenas should be quashed because they are overbroad in that they are not limited in scope or to any issue relevant to this case, they are invasive of privacy, and they are issued for the purposes of annoying and harassing LCPS, its Board Members and those whom Plaintiffs' counsel (and perhaps Plaintiffs) disagree politically.

## LAW AND ARGUMENT

When a subpoena issues under Rule 45 for the purpose of discovery, "Rule 45 adopts the standard[s] codified in Rule 26." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453

---

[1] Plaintiffs have not issued subpoenas for records from School Board Members, Deana Griffiths, Linda Deans, Kari LaBell or Lauren Shernoff.

(E.D.N.C. 2005). In other words, a discovery subpoena must comply with the scope and limits of discovery set forth in Rule 26, and may be quashed or modified for the same reasons that would support a protective order under Rule 26. *HDSherer LLC v. Natural Molecular Testing Corp*, 292 F.R.D. 305, 308 (D.S.C. 2013). In this context, a subpoena may be used to discover "any nonprivileged matter that is relevant to any party's claim or defense ... if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b); see also *Bell, Inc. v. GE Lighting, LLC*, No. 6:14cv12, 2014 U.S. Dist. LEXIS 56170, 2014 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014) ("The scope of discovery for a nonparty litigant under a subpoena . . . is the same as the scope of a discovery request made upon a party to the action, and a party is entitled to information that is relevant to a claim or defense in the matter at issue" (quotation marks and brackets omitted)) (Moon, J.).

Just because information is discoverable under Rule 26, however, "does not mean that discovery must be had." *Schaaf*, 233 F.R.D. at 453 (citing *Nicholas v. Wyndham Int'l, Inc*., 373 F.3d 537, 543 (4th Cir. 2004)). Discovery that seeks relevant information may nevertheless be restricted or prohibited pursuant to a Rule 26(c) motion when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Further, the protections conferred by Rule 26 are incorporated in Rule 45(d)(3), which sets forth additional grounds for quashing, modifying, or molding the terms of a subpoena. *HDSherer LLC*, 292 F.R.D. at 308 ("Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26.") (citing *Cook v. Howard*, 484 Fed.Appx. 805, 812 (4th Cir. Aug. 24, 2012) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against

3

a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.")).

In this case, Plaintiffs have requested documents reflecting **all** incoming and outgoing text messages, phone calls and voice messages which exist on the personal cell phones of School Board Members and members of Loudoun4 All, LLC from March 19, 2025 to the present, a period of almost nine (9) months. There is no effort to limit the production to any issue relevant to this case or to persons who may have communicated relative to this case. The production, if permitted, would require disclosure of information regarding personal texts and communications between the School Board Members and their loved ones; communications with persons who have no connection to this litigation; and communications related to political activism which is protected by the First Amendment. *See* Motion to Quash filed by Loudoun4 All, LLC, ECF No. 68. It is clear that the subpoenas to AT&T and Verizon are nothing more than a fishing expedition to allow Plaintiffs' counsel to look into the private activity of School Board Members and political activists with whom they disagree. Not surprisingly, neither Rule 26 nor 45 approve of "fishing expeditions" conducted in search of evidence that a requesting party fails to show appropriate under the Federal Rules. *Gross v. Morgan State Univ.*, No. 17-448-JKB, 2018 U.S. Dist. LEXIS 21411, 2018 WL 9880053, at *6 (D. Md. Feb. 9, 2018); see also *Topline Sols., Inc. v. Sandler Sys. Inc.*, No. 09-3102-ELH, 2017 U.S. Dist. LEXIS 50996, 2017 WL 1230817, at *5 (D. Md. Apr. 3, 2017) ("Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." (internal quotation marks and citation omitted)).

If Plaintiffs' subpoenas actually intended to seek information relevant to this case, which they do not, they would not be drafted in a manner which essentially gives Plaintiffs the passcode to the phones of the School Board and Loudoun4 All members. With that passcode in hand,

Plaintiffs can determine every person with whom the targeted individuals have communicated since March 19, 2025, how often they have had communications, and so forth. There is no legitimate reason for Plaintiffs to have this information to pursue claims which they have made in this case. Instead, Plaintiffs' counsel seeks this information to spy on political foes and persons with whom they have political disagreement, and in doing so to annoy, embarrass, oppress and target those whose phone records they seek to obtain. This court should not permit this to occur.

Because the subpoenas are overbroad on their face, seek information which is not relevant, and seek information protected by the First Amendment, they should be quashed. Additionally, the subpoenas should be quashed because they have been issued for the purpose of annoying, embarrassing, oppressing and harassing the individuals whose phone records have been requested. Accordingly, the court should issue a protective order relieving AT&T and Verizon from producing the requested records.

## CONCLUSION

WHEREFORE, because the subpoenas to AT&T and Verizon seek documents which have no relevance to this case, are overbroad and unduly burdensome, and violate the First Amendment rights of the persons whose phone records Plaintiffs seek to obtain, they should be quashed. Loudoun County School Board asks that the court so find and enter an order quashing the subpoenas and a protective order relieving AT&T and Verizon from complying therewith.

**LOUDOUN COUNTY SCHOOL BOARD**
By Counsel

_____/s/_____
Heather K. Bardot, Esquire
VSB No. 37269
McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:     (703) 385-1555
hbardot@mbbtklaw.com
azick@mbbtklaw.com
Counsel for Defendant

## CERTIFICATION PURSUANT TO LOCAL RULE 37(E)

A telephone conference was held with Plaintiff's counsel, Ian Prior, in a good faith effort to persuade Plaintiffs to withdraw or limit the subpoenas at issue so that this motion would not be required. Plaintiffs have declined the request, necessitating the motion.

_____/s/_____
Heather K. Bardot, Esquire
VSB No. 37269
Anna G. Zick, Esquire
VSB No.
McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:     (703) 385-1555
hbardot@mbbtklaw.com
azick@mbbtklaw.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December, 2025, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Andrew Block
    Ian Prior
    Nicholas R. Barry
    Robert A. Crossin
    America First Legal Foundation
    611 Pennsylvania Avenue, SE, #231
    Washington, D.C. 20003
    (202) 836-7958
    andrew.block@aflegal.org
    ian.prior@aflegal.com
    nicholas.barry@aflegal.com
    bobby.crossin@aflegal.com
    Counsel for Plaintiff

    Joshua A. Hetzler, Esq. (VSB No. 89247)
    Michael B. Sylvester, Esq. (VSB No. 95023)
    FOUNDING FREEDOMS LAW CENTER
    707 E. Franklin Street
    Richmond, VA 23219
    michael@foundingfreedomslaw.org
    josh@foundingfreedomslaw.org
    Co-Counsel for Plaintiff

    Ellis L. Bennett
    Dunlap Bennett & Ludwig PLLC
    211 Church Street SE
    Leesburg, Virginia 20175
    ebennett@dbllawyers.com
    Co-Counsel for Plaintiff

and transmitted by Federal Express (on December 8, 2025) to:

    AT&T
    AT&T National Compliance Center
    11760 US Highway 1, Suite 600
    North Palm Beach, FL 33408

Verizon
c/o CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060

_____/s/_____
Heather K. Bardot, Esquire
VSB No. 37269
McGAVIN, BOYCE, BARDOT
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
hbardot@mbbtklaw.com
Counsel for Defendant