**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| S.W., by his parents and next friends, | ) | |
|     SETH WOLFE and AMANDA WOLFE, et al., | ) | |
|       Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:25-cv-1536 |
| | ) | |
| LOUDOUN COUNTY SCHOOL BOARD, | ) | |
| | ) | |
|     Defendant. | ) | |

## REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA ISSUED TO LOUDOUN4 ALL, LLC

COMES NOW Defendant, Loudoun County School Board ("LCPS"), by counsel, and for its reply to Plaintiffs' Brief in Opposition to Defendant's Motion to Quash Plaintiff's [sic] Subpoena to Loudoun4ALL (ECF No. 77), states as follows:

## INTRODUCTION

Plaintiffs oppose LCPS's motion to quash the subpoena issued to Loudoun4All, LLC on two grounds. First, Plaintiffs argue that LCPS lacks standing to pursue the motion. Second, Plaintiffs maintain that the subpoena "seeks information greatly relevant to this suit," such that it should not be quashed.[1] LPCS submits that neither of Plaintiffs' arguments is persuasive, and the court should grant LCPS's motion.

---

[1] It is notable that the bulk of Plaintiffs' "Background" section in their briefing, ECF No. 77, pp. 2-4, focuses on paragraphs of the subpoena to which LCPS has not objected if the district court allows the conspiracy claim to proceed. This is apparently to distract the court from the fact that the paragraphs to which objections have been filed do not seek relevant information and should be quashed.

1

**ARGUMENT**

As a starting point, LCPS reiterates that its motion asks the court to quash the subpoena to Loudoun4All, LLC in its entirety, not solely as to paragraphs 7-17 and 20, as argued by Plaintiffs. However, LCPS does not challenge paragraphs 1-6, 18-19 or 21 if the court allows the conspiracy claim set forth in the Amended Complaint (Count XII) to proceed. LCPS requested that the motion to dismiss be heard prior to the court considering the motion to quash, but the district judge has continued the hearing on the motion to dismiss until January 16, 2026. LCPS asks that – as it pertains to paragraphs 1-6, 18-19 and 21 of the subpoena to Loudoun4All, LLC - that the court order that a response to those paragraphs shall be due within seven (7) days of the district court's ruling on the motion to dismiss Count XII of the Amended Complaint, but that no response shall be required if that count is dismissed by the court.[2]

> **A.    Plaintiffs challenge to standing is cured by treating the motion to quash as a motion for a protective order under Rule 26.**

Plaintiffs first challenge to LCPS's motion to quash is standing. This is easily cured by construing the motion as one for a protective order under Rule 26. Courts in this district routinely do just this. See *Flame S.A. v. Indus. Carriers, Inc.*, 2014 U.S. Dist. LEXIS 190379, at * 5-6 (E.D. Va. May 29, 2014) (converting motion to quash into motion for protective order and denying motion for failure to provide meet and confer certification) (citing *Sirpal v. Wang*, No. WDQ-12-0365, 2012 U.S. Dist. LEXIS 97145, 2012 WL 2880565 at *4 n.12 (D. Md. July 12, 2012) ("Further, the Court could construe the motion as one for a protective order . . ."); *Wash. v.*

---

[2] Loudoun4All, LLC has separately filed a motion to quash. If that motion is granted, it follows that Loudoun4All, LLC will not be obligated to produce any documents regardless of LCPS's position as it relates to the subpoena.

*Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) ("The Court therefore deems defendant's motions to quash as, in the alternative, motions for a protective order . . .")).

LCPS requests that the court treat its motion to quash as a motion for protective order under Rule 26 and rule on the substance of the motion which is well supported.

**B.     Paragraphs 7-14 and 17[3] of Plaintiffs' Subpoena do not seek information "greatly relevant to this suit."**

Plaintiffs' relevancy argument begins by reminding the court that relevancy is not, on its own, a high bar. ECF No. 77, p. 7. Plaintiffs then argue that the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted. *Id.*

While relevancy may not be a high bar under Rule 26(b)(1), "fishing expeditions" which exceed the boundaries of the complaint and are purely based on unsupported speculation are improper. *O.W. v. Cabell Cnty. Bd. of Educ.,* 2024 U.S. Dist. LEXIS 211182, at * 8 (S.D. W.Va. Nov. 20, 2024) (citing *Cuomo v. Clearing House Assn., LLC*, 557 U.S. 519, 531, 129 S. Ct. 2710, 174 L. Ed. 2d 464 (2009) ("Judges are trusted to prevent 'fishing expeditions or an undirected rummaging through ... records for evidence of some unknown wrongdoing."). And, not surprisingly, neither Rule 26 nor 45 approve of "fishing expeditions" conducted in search of evidence that a requesting party fails to show appropriate under the Federal Rules. *Gross v. Morgan State Univ.*, No. 17-448-JKB, 2018 U.S. Dist. LEXIS 21411, 2018 WL 9880053, at *6 (D. Md. Feb. 9, 2018); see also *Topline Sols., Inc. v. Sandler Sys. Inc.*, No. 09-3102-ELH, 2017 U.S. Dist. LEXIS 50996, 2017 WL 1230817, at *5 (D. Md. Apr. 3, 2017) ("Rule 26(b), although

---

[3] Plaintiffs have withdrawn – through their briefing – paragraphs 15, 16 and 20 of the subpoena. ECF No. 77, p. 4.

broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." (internal quotation marks and citation omitted)).

Moreover, where a party challenges relevance of discovery, the party seeking that discovery must show "threshold or apparent relevance." *Desrosiers v. MAG Indus. Automation Sys., LLOC*, 675 F. Supp. 598, 601 (D. Md. 2009). If established, "the burden shifts back to the resisting party to show 'lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under FED. R. CIV. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.'" *Id.* (citing *United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 412 (D. Md. 2005).

Here, as LCPS pointed out in its opening brief, the publications in paragraphs 7 through 14 of the subpoena are on topics which have no connection to the claims raised by Plaintiffs against LCPS in this case. They are not on topics which purportedly relate to LCPS's conspiracy with Loudoun4All, LLC to retaliate against Plaintiffs (or their parents – who are not parties to this suit) for filing Title IX complaints or lawsuit.

Paragraphs 7 and 8 relate to Loudoun4All, LLC's publication of a document entitled "Virginia Republicans Exploit Loudoun Children in Renewed Anti-Trans Election-Year Crusade." This document, ECF No. 77-1, p. 2, was published on June 6, 2025, **four months before Plaintiffs contend any conspiracy between LCPS and Loudoun4All, LLC occurred**. ECF No. 53, ¶ 329.[4] The focus of the article is an attack on the Attorney General, Jason Miyares, and the media. It does

---

[4] Plaintiffs' conspiracy claim is entirely premised on the false notion that "[o]n or about October 14, 2025, LCPS conspired with Loudoun for All [sic] to injure, oppress, threaten and/or intimidate the Plaintiffs …." ECF No. 53, ¶ 328.

not – as Plaintiffs maintain – refer to "statements about this case and against Plaintiffs." ECF No. 77, p. 8.

Paragraphs 9 and 10 pertain to an article published by Loudoun4All, LLC entitled "Statement on Recent 'News' Regarding Stone Bridge High School." ECF No. 77-1, p. 1. Again, this article was published months[5] before any alleged conspiracy between LCPS and Loudoun4All, LLC occurred. And, while it generically references "an incident at Stone Bridge High School," it categorically does not contain any information which is suggestive of some conspiracy looming between LCPS and Loudoun4All, LLC as it pertains to Plaintiffs or otherwise. The article references a publicly available "news" story and LCPS's public statement related thereto. Thereafter, the article presents Loudoun4All, LLC's opinions and viewpoints on Attorney General Miyares and Governor Youngkin's investigations of LCPS. Again, there is nothing about this article which refers to "statements about this case and against Plaintiffs." ECF No. 77, p. 8.

Paragraphs 11 and 12 seek documents related to Loudoun4All, LLC's publication of an undated[6] document entitled "School Renaming in Loudoun County."[7] Paragraphs 13 and 14 relate to an article published by Loudoun4All, LLC entitled "Statement on Changes to Public Comment at LCPS School Board Meetings."[8] Obviously, these publications have nothing to do with any issue in this case.[9] The only claim which Plaintiffs rely on to attempt to reach into Loudoun4All,

---

[5] The publication date is May 7, 2025.

[6] The articles on Loudoun4All, LLC's website, located at https://www.loudoun4all.com/fact-sheets, appear to be in chronological order. Assuming that to be the case, the School Renaming article predates the June 6, 2025, Virginia Republicans' article.

[7] A copy of this article is attached as Exhibit 1.

[8] This article is also undated but appears to have preceded the School Renaming article. A copy is attached as Exhibit 2.

[9] It is inexplicable how Plaintiffs contend in their briefing that the School Renaming article and/or the Public Comment article plausibly have any connection to "the events and conspiracy in this case." ECF No. 77, pp. 3-4. A cursory reading of the articles clearly shows otherwise. The fact

LLC's records is a claim that it conspired with LCPS to retaliate against two high school students for filing Title IX claims and a lawsuit which have no plausible or possible connection to renaming of schools and/or discontinuing video recording of public comment sessions at School Board meetings.

With respect to paragraph 17 of the subpoena, it asks Loudoun4All, LLC to provide all communications between itself and LCPS Board Members related to School Board Chair Melinda Mansfield's donation of $1,500 to Loudoun4All, LLC on October 28, 2025.[10] Plaintiffs contend that the documents are "expected to demonstrate the unity of purpose and the degree of coordination and collaboration **between the two entities**." ECF No. 77, p. 9 (emphasis added). This is, frankly, an argument born out of whole cloth. Recall, the conspiracy claim is entirely premised on the false narrative that on or about October 14, 2025, a conspiracy between LCPS and Loudoun4All, LLC was hatched to retaliate against Plaintiffs (or their parents) for filing Title IX claims and this lawsuit. ECF No. 53, ¶ 328. Plaintiffs have never identified the actors or persons from LCPS and/or Loudoun4All, LLC who purportedly got together and acted in concert to harm Plaintiffs. In fact, Plaintiffs take the position that they need not do so. ECF No. 86, p. 36. Nevertheless, they contend that they need communications related to one School Board member's political donation to Loudoun4All, LLC on October 28, 2025, months after suit was filed, because somehow that documentation will (or might) demonstrate a "unity of purpose and the degree of

---

that Plaintiffs do not back down on this obviously unsupportable position make clear that the subpoena which has been issued is for the improper purposes LCPS raised in its opening brief and not for any purpose relevant to this litigation.

[10] Plaintiffs suggest that their request as it pertains to Chair Mansfield's donation is for information which is otherwise subject to "mandatory reporting and disclosure." ECF No. 77, p. 6. Plaintiffs have cited to no authority to support this argument, especially where the request is not for disclosure of the financial contribution itself, but communications related thereto.

coordination and collaboration" between two corporate entities at an earlier time targeting Plaintiffs. This argument is far-fetched. Communications related to Chair Mansfield's political donation to Loudoun4All, LLC do nothing to advance the conspiracy claim or to show that the donation related to the purported conspiracy. It is, instead, a request aimed at harassing and targeting those with whom Plaintiffs (or their counsel) disagree politically.

## **CONCLUSION**

Loudoun County School Board submits that it is clear that paragraphs 7-14 and 17 of the subpoena seek to improperly fish for evidence which has no bearing on or relevance to this case. Plaintiffs have not and cannot make a showing of relevance, nor have they attempted to do so other than to profess that "the documents self-evidently relate to the conspiracy claim;…." ECF No. 77, p. 8. There is no merit to this position. As such, Loudoun County School Board, by counsel, respectfully asks that the court: (a) quash the subpoena to Loudoun4All, LLC as to paragraphs 7 through 14 and 17; and (b) order that a response to paragraphs 1-6, 18-19 and 21 be due within seven (7) days of the district court's ruling on the motion to dismiss Count XII of the Amended Complaint, but that no response shall be required if that count is dismissed by the court.

**LOUDOUN COUNTY SCHOOL BOARD**
**By Counsel**

_____/s/_____
Heather K. Bardot, Esquire
VSB No. 37269
Anna G. Zick, Esquire
VSB No. 86057
McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
hbardot@mbbtklaw.com
azick@mbbtklaw.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2025, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Andrew Block
> Ian Prior
> Nicholas R. Barry
> Robert A. Crossin
> America First Legal Foundation
> 611 Pennsylvania Avenue, SE, #231
> Washington, D.C. 20003
> (202) 836-7958
> andrew.block@aflegal.org
> ian.prior@aflegal.com
> nicholas.barry@aflegal.com
> bobby.crossin@aflegal.com
> Counsel for Plaintiff
>
> Joshua A. Hetzler, Esq. (VSB No. 89247)
> Michael B. Sylvester, Esq. (VSB No. 95023)
> FOUNDING FREEDOMS LAW CENTER
> 707 E. Franklin Street
> Richmond, VA 23219
> michael@foundingfreedomslaw.org
> josh@foundingfreedomslaw.org
> Co-Counsel for Plaintiff

8

Ellis L. Bennett
Dunlap Bennett & Ludwig PLLC
211 Church Street SE
Leesburg, Virginia 20175
ebennett@dbllawyers.com
Co-Counsel for Plaintiff

Daniel Goldman, Esquire
The Law Office of Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
dan@dangoldmanlaw.com
Counsel for Third-Party Loudoun4All, LLC

                                    _____/s/_____
                                    Heather K. Bardot, Esquire
                                    VSB No. 37269
                                    Anna G. Zick, Esquire
                                    VSB No. 86057
                                    McGAVIN, BOYCE, BARDOT
                                     THORSEN & KATZ, P.C.
                                    9990 Fairfax Boulevard, Suite 400
                                    Fairfax, Virginia 22030
                                    Telephone:    (703) 385-1000
                                    Facsimile:    (703) 385-1555
                                    hbardot@mbbtklaw.com
                                    azick@mbbtklaw.com
                                    Counsel for Defendant