IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| S.W. and J.S., ) | |
|     *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-1536-LMB-WEF |
| ) | |
| LOUDOUN COUNTY SCHOOL BOARD, ) | |
|     *Defendant*. ) | |
| ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENAS ISSUED TO THIRD PARTIES AT&T AND VERIZON AND <u>ENTER A PROTECTIVE ORDER</u>**

Plaintiffs are high school students who seek to protect their constitutional and statutory rights and to defend against erroneous, selective, and reputationally destructive Title IX findings of sexual harassment and discrimination made against them. Defendant, however, has sought to close Plaintiffs' door of discovery at every turn. Defendant has not answered a single interrogatory or produced a single document in response to Plaintiffs' discovery requests. Nevertheless, Defendant has filed three motions to quash four legitimately issued subpoenas for records relevant to this case.

In short, the Defendant has moved to block the production of its communications with third parties regarding the facts and circumstances related to a Title IX investigation into the Plaintiffs, two minor students, all while maintaining a position of non-responsiveness to party discovery.[1] Defendant seeks intervention from this Court to withhold relevant records from the Plaintiffs in this litigation.

---

[1] Not only are the communications at issue in the instant subpoenas the proper subject of discovery, but the information requested by the Plaintiffs *are public records* which would have to be produced pursuant to the Virginia Freedom of Information Act.

1

The instant Motion pertains to Plaintiffs' subpoenas to AT&T and Verizon for phone logs, which are limited to a timeframe acutely relevant to this case—the period from the start of the Title IX investigations against Plaintiffs to the issuance of the subpoenas. And for Defendant's board members, the subpoenas pertain only to their *official, taxpayer-funded* phones. Nevertheless, Defendant opposes these subpoenas, on two grounds: first, the quashing provision of Rule 45, and second the protective order provision of Rule 26(c). As to its Rule 45 arguments, the Defendant lacks standing to move to quash on these grounds. And as to its request for a protective order, that request should be denied because Defendant cannot demonstrate genuine annoyance or harassment concerns. Defendant's other Rule 26 arguments also fail.

## **BACKGROUND**

The Amended Complaint details the allegations of how Defendant intentionally discriminated against Plaintiffs, two Christian boys, through impermissible viewpoint and religious discrimination, among other wrongful acts, after they spoke out against being required to share a locker room with a female student. The female student consistently appeared and presented as a female in every meaningful way. The Plaintiffs allege that the Defendant violated the Plaintiffs' free speech, free exercise, and due process rights when it punished Plaintiffs by improperly applying its Title IX student process to investigate and discipline them, and further violated their rights by deleting key evidence, misrepresenting student witness testimony and video evidence, ignoring numerous false statements by the complainant, and refusing to interview key witnesses. Relevant to the immediate Motion, the Defendant shared non-public information with Loudoun4All, a partisan political action committee, so that Loudoun4All could do what the

Defendant could not: publicly attack and discredit anyone who questioned the School Board's actions, including the Plaintiffs and their families.[2]

On November 5, 2025, the Plaintiffs served Interrogatories and Requests for Production of Documents ("RPDs") on the Defendant. RPD Nos. 21-22 sought communications between the Defendant and Loudoun4All related to the Title IX investigation into the Plaintiffs, including but not limited to communications with Heather Gottlieb ("Gottlieb") and Meredith Ray ("Ray"). RPD No. 23 requested communications between school board member Arben Istrefi and Amir Sahib related to the Title IX investigation, and RPD No. 24 sought all communications between the Defendant and third parties related to the Title IX investigation. The Defendant objected to each of those requests and has not provided any responsive documents. Similarly, Interrogatories 18 and 19 asked the Defendant to identify communications with Loudoun4All, including but not limited to communications with Gottlieb and Ray. Again, the Defendant objected to those requests and has not provided any answers, notwithstanding its objections.

On November 10, 2025, the Plaintiffs served a subpoena duces tecum on Loudoun4All requesting communications with the Defendant about the Title IX investigation into the Plaintiffs and the press releases and timelines sent by Loudoun4All about that Title IX investigation. On November 24, 2025, the Defendant filed a Motion to Quash that subpoena.

On November 24, 2025, after having been frustrated in acquiring relevant discovery at every turn by the Defendant, the Plaintiffs issued subpoenas to AT&T and Verizon, limited to the timeframe running from the start of the Title IX investigation against Plaintiffs until the date of the Subpoenas (March 19, 2025, to November 24), seeking phone records for Defendant school

---

[2] Further, at least one school board member communicated with a board member at a local mosque about a third student, who was being investigated for the same allegations as the Plaintiffs, and the complaint was later dismissed because the Defendant admitted that, even if the allegations were true, they would not constitute a Title IX violation. Dkt. No. 53 ¶¶ 256–257.

3

board members government-issued phones as well as records for Gottlieb's and Ray's phone. The subpoena seeks what the Defendant has refused to provide:

- Calls and text communications between the Defendant and Loudoun4All, including but not limited to Ray and Gottlieb.

- Calls and text communications between the Defendant and third parties related to the Defendant's Title IX investigation into the Plaintiffs, including but not limited to communications with board members at the comparator Muslim student's mosque.

On December 2, 2025, counsel held a meet and confer in which the subpoenas to Verizon and AT&T were one of the topics discussed. Plaintiffs' counsel offered to withdraw the subpoena regarding the school board members' phone and text logs if the Defendant would respond to RPD's 21–24 and Interrogatories 18 and 19. Defendant's counsel indicated that she would review those requests, but there were no further discussions about the Plaintiffs' compromise offer before the Defendant filed this Motion.

On December 3, 2025, Counsel for the Plaintiffs received a letter from Verizon indicating their receipt and processing of the subpoena. *See* Exhibit A ("Accordingly, if no motions are received by Verizon, the available records you have subpoenaed will be sent approximately 10 business days from the date of this letter.").

On December 15, 2025, Counsel for the Plaintiffs received a letter from AT&T stating "We are in receipt of an Application for a Motion to Quash in the above referenced case. AT&T cannot produce information responsive to the Legal Demand until it receives an order denying the motion to quash or a letter from the opposing counsel withdrawing the motion to quash." Exhibit B.

Thus, neither recipient of the subpoenas at issue has moved to quash these subpoenas or otherwise limit their enforcement. The Defendant's assertions of irrelevance, overbreadth, privacy, annoyance, harassment, and First Amendment concerns, are misplaced and therefore the instant motion to quash and obtain a protective order should be denied.

# AUTHORITIES AND ARGUMENT

### A. Defendant lacks standing to bring this motion under Rule 45.

Defendant's Motion to Quash under Rule 45 cannot proceed. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *In re Doe v. Under Seal*, 584 F.3d 175, 184 n.14 (4th Cir. 2007) (quoting 9A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 1998)). Here, Defendant asserts no personal right or privilege to the information sought by Plaintiffs' subpoenas to AT&T and Verizon. Nor could it as neither AT&T nor Verizon filed motions to quash the subpoenas or in any other way objected to complying with the requests, save Verizon's invocation of a short extension to produce documents.

Additionally, as a general matter, personal privacy protections do not apply to telephone records. *See, e.g.*, *Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, No. 09–1201–PWG, 2011 WL 3651821, at *2–4 (D. Md. Aug. 17, 2011) (finding no personal right in telephone bills, invoices, and records, and thus no standing to challenge a subpoena to a third party); *Davis v. Reliance First Capital, LLC*, No. 7:22-cv-18-BO, 2022 WL 17085598, at *2 (E.D.N.C. Nov. 18, 2022) (indicating no awareness of any "Fourth Circuit or Supreme Court precedent suggesting that an individual has a privacy interest in information voluntarily surrendered to cell phone carriers"). Furthermore, the Plaintiffs are aware of no authority that stands for the proposition that government officials have a privacy right shielding them from others' access to the call and text logs of phones issued by the government for government use. Therefore, Defendant's Rule 45 Motion to Quash should be denied for lack of standing.

### B. The records sought from AT&T and Verizon are appropriate under Rule 26.

Defendant's motion also seeks a Rule 26(c) protective order. Under Rule 26(c), "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). "To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *Cook Grp., Inc. v. C.R. Bard, Inc.*, 149 F.3d 249, 252 (4th Cir. 1998). "A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden." *EEOC v. Luihn Food Sys., Inc.*, No. 5:09-cv-387-D, 2011 WL 649749, at *2 (E.D.N.C. Feb. 11, 2011).

In its effort to meet this burden, Defendant contends that these subpoenas fail under a relevance and overbreadth review. That is incorrect. Text communications with Loudoun4All, including with its leaders Gottlieb and Ray, limited only to the timeframe after Defendant began its investigation against Plaintiffs (and covering the dates detailed in Loudoun4All's publicly released "Updated Timeline of Events: Locker Room Incident & Title IX Investigation"), are critical to Plaintiff's retaliation claims (Counts I, II, IV, V, VI, X, and XI) and their conspiracy claim (Count XII).

With respect to the retaliation claims, potential communications between the Defendant and third parties about a confidential Title IX investigation—including communications with Loudoun4All—are potentially relevant under FED. R. EVID. 404(b) to support the Plaintiffs' claims that the Defendant's actions against them were in retaliation for their exercising their constitutional rights. *See, e.g., U.S. v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997). Similarly, a conspiracy claim is frequently proven with circumstantial evidence of "a defendant's relationship with other members

6

of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy." *U.S. v. Burgos*, 94 F.3d 849, 858 (4th. Cir. 1997). Communications between the Defendant and Loudoun4All, including but not limited to Gottlieb and Ray, are clearly relevant to show the relationship between co-conspirators, the length of the association, the Defendant's conduct, and the nature of the conspiracy.

Furthermore, the Plaintiffs have alleged that at least one school board member had conversations with a third-party member of the Muslim community prior to the same allegations being dismissed against a Muslim student – this is a key piece of evidence supporting the Plaintiffs' claims of religious discrimination. (Counts III and IV). Proof of those communications is thus plainly relevant.

The Defendant's overbreadth concerns cannot stand either. Plaintiffs specifically limited their subpoenas to requesting data only to the timeframe acutely relevant to this case: the start of Defendant's investigation—March 19, 2025—through the time of the subpoenas, November 24, 2025. The timeframe also aligns with Loudoun4All's publicly released timeline, which contains 26 entries spanning from March 21, 2025, to October 10, 2025. Thus, the requests did not address a timeframe broader than the time in which relevant communications would have occurred.

Nor do the Plaintiffs' subpoenas create annoyance or harassment concerns. They seek relevant information from individuals important to this case and are focused on the relevant timeframe. Importantly, while Defendant may ordinarily be best positioned to assert "annoyance and harassment" concerns on behalf of its members, its concerns for AT&T, Verizon, Gottlieb or Ray should not be accorded any weight. Indeed, neither AT&T nor Verizon cited undue burden, annoyance, harassment, or any other reason as a basis for withholding records. *See* Ex.s A & B.

Regarding the school board members, the subpoenas only request communications made specifically on their official, county-issued, taxpayer-funded phones. This removes any concerns about annoyance or harassment that might have arisen if the subpoena had sought records from their personal phones. In fact, it is hard to understand how the school board members could have any privacy interest in call and text logs of their government-issued phones when such information would be required to be produced under Virginia's Freedom of Information Act.

Lastly, the First Amendment is not involved in Plaintiffs' subpoenas. As discussed in Plaintiffs' previous briefing, *see* Dkt. 78 at 8–9, Defendant's First Amendment arguments are completely misplaced. Defendant has cited no relevant authority for its position. Simply put, the First Amendment does not protect communications between the government and a partisan political action committee from a Rule 45 subpoena issued by private parties like Plaintiffs. Defendant's argument to the contrary is without merit.

**C. Defendant has hindered Plaintiffs from obtaining this discovery from it.**

Finally, while Plaintiffs endeavored to secure much of the subpoenaed information through interrogatories and document requests to Defendant, Defendant has obstructed this effort. Therefore, it cannot now claim that the Plaintiffs have a more efficient manner for discovering this relevant information. Thus, the Plaintiffs are entitled to exercise—as they have done—their broad discovery rights to seek the requested records from AT&T and Verizon.

**CONCLUSION**

The Plaintiffs' Subpoena to AT&T and Verizon properly seeks information relevant to Counts I, II, III, IV, V, VI, X, XI, and XII of the Amended Complaint. Defendant has not at all demonstrated any appropriate basis to oppose Plaintiffs' Subpoena. Therefore, Plaintiffs respectfully ask the Court to deny Defendant's Motion to Quash.


Respectfully submitted,                                   Dated: December 18, 2025


By Counsel:

  /s/ Andrew J. Block
Andrew J. Block, Esq. (VSB No. 91537)           Joshua A. Hetzler, Esq. (VSB No. 89247)
Ian D. Prior, Esq.*                             Michael B. Sylvester, Esq. (VSB No. 95023)
Nicholas R. Barry, Esq.*                        FOUNDING FREEDOMS LAW CENTER
Robert A. Crossin, Esq.*                        707 E. Franklin Street
AMERICA FIRST LEGAL FOUNDATION                  Richmond, VA 23219
611 Pennsylvania Ave. SE #231                   Telephone: (804) 971-5509
Washington, D.C. 20003                          michael@foundingfreedomslaw.org
Telephone: (202) 836-7958                       josh@foundingfreedomslaw.org
andrew.block@aflegal.org
ian.prior@aflegal.org                           Ellis L. Bennett, Esq. (VSB No. 71685)
nicholas.barry@aflegal.org                      DUNLAP BENNETT & LUDWIG PLLC
bobby.crossin@aflegal.org                       211 Church Street SE
                                                Leesburg, VA 20175
                                                Telephone: (703) 777-7319
*Counsel for Plaintiffs*                        ebennett@dbllawyers.com
  * *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all attorneys who have noticed their appearances in this case.

                                                  */s/ Andrew J. Block*
                                                 Andrew J. Block