IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| S.W., by his parents and next friends, SETH WOLFE and AMANDA WOLFE<br><br>and<br><br>J.S., by his parents and next friends, JEFFERY SMITH and RENAE SMITH,<br><br>Plaintiffs<br><br>AND<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Intervenor<br><br>v.<br><br>LOUDOUN COUNTY SCHOOL BOARD<br><br>Defendant. | No. 1:25cv1536 (LMB/WEF) |

## UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY

The United States files this Notice of Supplemental Authority to answer the Court's question, asked at the hearing on the United States' Renewed Motion to Intervene held on Friday, February 27, 2026: "[W]hat precedent can you point this Court to that would support intervention to bring the kind of claim you're trying to bring under the aegis of equal protection?" Hr'g Tr. 6:18-21. In response, the United States respectfully points to *Hearn v. Muskogee Pub. Sch. Dist. 020*, No. 6:03-cv-00598 (E.D. Okla. 2004), a case in which the United States intervened pursuant

to Section 902 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000h-2 ("Section 902"). The United States briefly discussed *Hearn* in its Reply in Support of [First] Motion to Intervene. ECF 112 at 16. However, the case's relevant filings and order are not available on either Westlaw or LexisNexis. The United States thus provides them here.

Muskogee Public School District 020 (the "District") implemented a dress code that prohibited sixth grader Nashala Hearn from wearing a hijab in accordance with her Muslim faith. When Nashala refused to abandon her right to free exercise and continued to wear her hijab, the school suspended her. The Hearns sued the District for, *inter alia*, violating the Equal Protection Clause by discriminating against Nashala on the basis of religion. The Justice Department moved to intervene under Section 902, alleging a "discriminatory application of [the District's] dress code policy." The district court granted intervention, and, shortly thereafter, the District agreed to a consent decree that required it to permit dress code exceptions for *bona fide* religious reasons. Press Release, *Justice Department Reaches Settlement Agreement with Oklahoma School District in Muslim Student Headscarf Case* (May 19, 2004), https://www.justice.gov/archive/opa/pr/2004/May/04_crt_343.htm.

This supplemental authority is intended to assist the Court as it writes its memorandum opinion regarding the United States' Renewed Motion to Intervene. A copy of the United States' Motion to Intervene as Plaintiff-Intervenor in *Hearn*, with accompanying attachments, is attached hereto as Exhibit A. A copy of the district court's order granting intervention in *Hearn* is attached hereto as Exhibit B.

DATED: March 2, 2026        Respectfully submitted,

                                                 HARMEET K. DHILLON
Assistant Attorney General

JESUS A. OSETE
Principal Deputy Assistant Attorney General

JEFFREY MORRISON
Acting Chief, Educational Opportunities Section

*/s/ Brian L. Repper*
JORDAN K. CARPENTER, admitted *pro hac vice*
Counsel
LADAWN BURNETT, admitted *pro hac vice*
Trial Attorney
BRIAN L. REPPER (VA No. 90254)
Acting Deputy Chief
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 514-3847
Email: brian.repper@usdoj.gov

ATTORNEYS FOR PLAINTIFF-INTERVENOR
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

      I hereby certify that on March 2, 2026, I filed the foregoing through the Court's CM/ECF electronic filing system, which will transmit a Notice of Electric Filing (NEF) to all counsel of record in the case.

                                    /s/ *Brian L. Repper*
                                    BRIAN L. REPPER
                                    Attorney for the United States