# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EYVINE HEARN, et al.<br>    Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA,<br>    Plaintiff Intervenor,<br><br>v.<br><br>MUSKOGEE PUBLIC SCHOOL<br>DISTRICT 020, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. CIV 03 598-S<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
MAR 3 0 2004

## UNITED STATES' MOTION TO INTERVENE AS PLAINTIFF-INTERVENOR

For the reasons set forth below and in the accompanying Memorandum, the United States hereby moves to intervene in the above-captioned case as a party-plaintiff, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and to 42 U.S.C. § 2000h-2; and to file the attached Complaint-in-Intervention.

In support of this motion, the United States states:

1.1 Plaintiffs, pursuant to a scheduling order entered on March 3, 2004, filed their first amended complaint on March 15, 2004. The amended complaint asserts claims for, inter alia, denial of the equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution. Specifically, plaintiffs allege that Defendants discriminated on the basis of religion by suspending Nashala Hearn for wearing, as an adherent of the Islamic faith, a head scarf, called a "hijab," to school.

1.2  Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right when a statute of the United States confers an unconditional right to intervene or when the applicant claims an interest in the subject matter of the action which may be affected.

1.3  The United States meets the requirements of Rule 24(a) because, inter alia, there is a statute conferring an unconditional right to intervene, and, in addition, the United States has a strong interest in the proper and effective interpretation and application of the Fourteenth Amendment, which may be affected by this litigation.

1.4  Under 42 U.S.C. § 2000h-2, the United States may intervene upon a timely application in any action in any court of the United States in which relief is sought from a denial, on account of religion, of equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States, upon appropriate certification that the case is of general public importance. In such cases, the United States is "entitled to the same relief as if it had instituted the action." 42 U.S.C. § 2000h-2.

1.5  Both Plaintiffs and the United States claim violations of the Equal Protection Clause of the Fourteenth Amendment on the basis of religion, and these claims are based on substantially the same facts.

1.6  The Assistant Attorney General has certified that this case is of general public importance, and the certificate is attached to the Complaint-in-Intervention.

1.7  The United States' proposed intervention is timely. The amended complaint raising an equal protection violation was filed on March 15, 2004. The United States is moving to intervene within two weeks of that date.

1.8  If permitted to intervene, the United States will adhere to the dates set forth in the Court's March 3, 2004 scheduling order. Additionally, the United States will not seek to re-

1.2 Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right when a statute of the United States confers an unconditional right to intervene or when the applicant claims an interest in the subject matter of the action which may be affected.

1.3 The United States meets the requirements of Rule 24(a) because, inter alia, there is a statute conferring an unconditional right to intervene, and, in addition, the United States has a strong interest in the proper and effective interpretation and application of the Fourteenth Amendment, which may be affected by this litigation.

1.4 Under 42 U.S.C. § 2000h-2, the United States may intervene upon a timely application in any action in any court of the United States in which relief is sought from a denial, on account of religion, of equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States, upon appropriate certification that the case is of general public importance. In such cases, the United States is "entitled to the same relief as if it had instituted the action." 42 U.S.C. § 2000h-2.

1.5 Both Plaintiffs and the United States claim violations of the Equal Protection Clause of the Fourteenth Amendment on the basis of religion, and these claims are based on substantially the same facts.

1.6 The Assistant Attorney General has certified that this case is of general public importance, and the certificate is attached to the Complaint-in-Intervention.

1.7 The United States' proposed intervention is timely. The amended complaint raising an equal protection violation was filed on March 15, 2004. The United States is moving to intervene within two weeks of that date.

1.8 If permitted to intervene, the United States will adhere to the dates set forth in the Court's March 3, 2004 scheduling order. Additionally, the United States will not seek to re-

depose witnesses whose depositions have already been taken, or to duplicate the discovery requests that have been made during the course of this lawsuit. The United States, may, however, seek to depose additional witnesses and conduct other discovery within the deadlines of the case scheduling order.

**WHEREFORE**, the United States respectfully requests that the Court grant the Motion to Intervene and direct the Clerk of the Court to file the attached Complaint-in-Intervention. A proposed Order is attached hereto.

Respectfully submitted,

R. ALEXANDER ACOSTA
Assistant Attorney General
Civil Rights Division

ERIC W. TREENE
JAVIER M. GUZMAN
TAMARA KASSABIAN
JOHN BUCHKO
Attorneys for Plaintiff-Intervenor
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
Patrick Henry Building
601 D Street, N.W., Suite 4300
Washington, DC 20530
(202) 514-4092

Dated: March 29, 2004

-3-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EYVINE HEARN, et al.<br>    Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA,<br>    Plaintiff Intervenor,<br><br>v.<br><br>MUSKOGEE PUBLIC SCHOOL<br>DISTRICT 020, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    C.A. No. CIV 03 598-S<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Upon good cause shown, the United States' Motion to Intervene is hereby GRANTED. The Clerk of the Court is directed to file the United States' Complaint-in-Intervention.

_____
HON. FRANK H. SEAY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EYVINE HEARN, et al. <br> Plaintiffs, <br><br> and <br><br> UNITED STATES OF AMERICA, <br> Plaintiff Intervenor, <br><br> v. <br><br> MUSKOGEE PUBLIC SCHOOL DISTRICT 020, et al., <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. CIV 03 598-S |

MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES'
MOTION TO INTERVENE AS PLAINTIFF-INTERVENOR

INTRODUCTION

Plaintiffs filed the original complaint in this lawsuit in October 2003, against the Muskogee Public School District 020 ("Muskogee" or "District"), Dr. Eldon Gleichman, Cherryl Hallum, and Gary P. Bivin. Plaintiffs filed an amended complaint on March 15, 2004. Plaintiffs allege, inter alia, that they were denied the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States. Specifically, Plaintiffs complain that Defendants, through application of their student dress code policies, discriminated against Plaintiffs on the basis of religion in violation of the Fourteenth Amendment.

Plaintiff Nashala Hearn entered Benjamin Franklin Science Academy ("Franklin") in August 2003 as a sixth grader. As an adherent of the Islamic faith, Nashala wears a head scarf, known as a "hijab," in public places, including at school. During the first few weeks of the 2003-04 school year, Nashala consistently wore her hijab to Franklin without any incident. On September 11, 2003, however, District officials informed Nashala that her hijab violated

Franklin's dress code policy, which prohibits students from wearing "hats, caps, bandannas, plastic caps, or hoods on jackets inside the [school] building." See 2003-04 Muskogee Public Schools Elementary Student/Parent Handbook. Nashala continued to wear her hijab to school, and was subsequently suspended twice for doing so.

Nashala's family appealed these suspensions, which were upheld by a district administrative hearing committee. Upon completion of her second suspension, Defendants permitted Nashala to return to Franklin wearing her hijab, while they reviewed their dress code policies. Nashala is presently attending Franklin wearing her hijab. Defendants maintain that Nashala remains in violation of the dress code policies, and it is unknown when Defendants will complete their re-evaluation of the policies or what their decision will be. In short, under Defendants' present application of their dress code policies, they can again suspend Nashala at any time so long as she continues to wear her hijab to school.

The United States seeks to intervene in this lawsuit to enforce the Fourteenth Amendment, and to ensure that public school districts do not unlawfully discriminate on the basis of religion. When public school districts discriminate, the United States has an interest in having such conduct declared unlawful and enjoined, appropriate remedies implemented, and the victims made whole.

## DISCUSSION

The United States should be granted intervention as of right pursuant to Federal Rule of Civil Procedure 24(a). Rule 24(a) of the Federal Rules of Civil Procedure sets out the standards by which parties may intervene as of right. See Fed. R. Civ. P. 24(a). Rule 24(a) articulates two ways in which a party may intervene as of right:

> Upon timely application, anyone shall be permitted to intervene in an action (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of

the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). The United States should be granted leave to intervene under either standard.

### A. *A Statute of the United States Confers an Unconditional Right to Intervene in this Action.*

42 U.S.C. §§ 2000h-2 provides that:

Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

See Fed. R. Civ. P. 24(a)(1) (codifying that intervention will be granted "when a statute of the United States confers an unconditional right to intervene"). This statutory language unambiguously establishes the right of the United States to intervene in this case, in which Plaintiffs have alleged "a denial of equal protection of the laws under the fourteenth amendment." See Pasadena City Bd. of Educ. v. Spangler, 427 U.S. 424, 431 (1976); Smith v. Board of Educ. of Morrilton Sch. Dist., 365 F.2d 770 (8th Cir. 1966); United States v. Jefferson County Bd. of Educ., 372 F.2d 836, 896 (5th Cir. 1966), modified, 380 F.2d 385 (5th Cir. 1967) (en banc); see also 7C Wright, Miller & Kane, Federal Practice & Procedure § 1906 at 244 (2d ed. 1986) (United States has unconditional right to intervene under Section 2000h-2).

The statute also entitles the United States to seek the "same relief as if it had instituted the action." Fed. R. Civ. P. 24(a)(2). The Attorney General has certified this case as one of general

3

public importance. See Exhibit A. In addition, for the reasons set forth below, the United States' motion to intervene is timely. Therefore, the United States has met the requirements under 42 U.S.C. §§ 2000h-2, which provides authority for the United States to intervene and prosecute this case.

### B. The United States Has an Interest in This Action That Is Not Adequately Represented by the Existing Parties.

The Sixth Circuit has determined that intervention of right is permitted under Rule 24(a)(2) when: (1) an applicant claims a substantial legal interest in the subject matter; (2) the disposition of the action may impede its ability to protect its interest; and (3) that interest is not adequately represented by existing parties. Sierra Club v. Robertson, 960 F.2d 83, 85 (8th Cir. 1992). The Eighth Circuit interprets Rule 24 liberally in favor of potential intervenors. See id. at 86; Arkansas Elec. Energy Consumers v. Middle S. Energy, Inc., 772 F.2d 401, 404 (8th Cir. 1985).

#### 1. A Substantial Legal Interest.

The United States' special role in representing the public interest supports intervention in this case. First, the United States has a significant interest in enforcing the Equal Protection Clause of the Fourteenth Amendment in cases of general public importance. In situations where discrimination has occurred, the United States has an interest in having such conduct declared unlawful and enjoined, and appropriate remedies implemented to compensate the victims and prevent like discrimination in the future for all students.

Second, Defendants have asserted that their discriminatory conduct is mandated by unspecified "guidelines published by the United States Department of Education." See Answer, ¶ 14.1. The United States has a substantial legal interest in ensuring that any pertinent guidelines issued by the Department of Education are interpreted accurately.

Third, the United States has previously participated in cases involving religious discrimination in educational settings, particularly with respect to the relationship between Fourteenth Amendment's Equal Protection Clause and the First Amendment's religion clauses. See, e.g., Locke v. Davey, 124 S. Ct. 1307 (Feb. 25, 2004) (involving denial of state scholarship funds to student pursuing religious studies); Zelman v. Simmons-Harris, 536 U.S. 639 (2002) (involving provision of vouchers for use at parochial schools); Westfield High School L.I.F.E. Club v. City of Westfield, 249 F. Supp.2d 98 (D. Mass. 2003) (involving discrimination against religious speech by students). The United States therefore has a substantial legal interest in ensuring that the legal principles in this area are developed and applied consistently around the country.

    2.    *Impairment of Interest.*

The disposition of this action may impede the United States' ability to protect these interests. The Sixth Circuit has found that this prong is met where the disposition of a case may have adverse stare decisis effects. United States v. Union Elec. Co., 64 F.3d 1152, 1161 (8th Cir. 1995). "Under the doctrine of stare decisis, once a court has applied a principle of law to a certain set of facts, it will apply that principle to all future cases involving facts that are substantially the same." Jansen v. City of Cincinnati, 904 F.2d 336, 341 (6th Cir. 1990). The United States has an interest in the effective enforcement of federal civil rights laws, and a decision rendered in this case could adversely affect the scope and nature of the United States' future prosecution of claims of religious discrimination under the Fourteenth Amendment.

    3.    *Adequacy of Representation.*

Finally, the requirement of Rule 24(a)(2) is met if the applicant shows that representation of her interest "may be" inadequate. The burden for making this showing is minimal. Trbovich v.

Mine Workers, 404 U.S. 528, 538 (1971); Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 60 F.3d 1304, 1308 (8th Cir. 1995). The United States seeks to intervene, in part, to ensure that the District takes remedial action to prevent similar discrimination in the future. The United States has a unique interest in enforcing federal law and in seeking appropriate remedies for federal violations. See generally SEC v. United States Realty & Imp. Co., 310 U.S. 434, 459-60 (1941). In contrast, Plaintiffs are seeking compensatory damages on their own behalf and have no responsibility to consider the larger implications of Defendants' discrimination. Therefore, the United States' interest cannot be adequately represented by Plaintiffs although both parties seek to challenge Defendants' discriminatory conduct. See Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 998-99 (8th Cir. 1993) (holding that where interests of existing party and the intervenor are "disparate, even though directed at a common legal goal, . . . intervention is appropriate").

    C.    *The Motion to Intervene Is Timely.*

To determine the timeliness of a motion to intervene, a court should consider all relevant circumstances. Mille Lacs, 989 F.2d at 988. In particular, a court should consider:

(1)    the point to which the suit has progressed;

(2)    the prospective intervenor's prior knowledge of the pending action and the reason for any delay in seeking to intervene; and

(3)    the likelihood of prejudice to the parties if intervention is permitted.

Union Electric, 64 F.3d at 1158-59.

The motion for intervention is timely under all of these factors. First, the lawsuit remains at an early stage, with over four months remaining to complete discovery and file summary judgment motions, and over six months remaining before trial. Second, the United States has

moved promptly to intervene upon learning that Plaintiffs had raised an equal protection claim, which is the basis for the proposed intervention. Compare Kansas Pub. Employees Ret. Sys., 60 F.3d at 1308 (finding that district court did not abuse its discretion in granting intervention where party sought to intervene less than a month after learning of its interest in the case). Finally, no prejudice is at stake here. Permitting the United States to intervene will not cause any delay in present case schedule. Nor will the United States seek to retake depositions that have already been taken or to duplicate discovery requests already served. The United States, may, however, seek to depose additional witnesses and to conduct other discovery within the deadlines of the scheduling order

## CONCLUSION

For the foregoing reasons, the United States' Motion to Intervene should be granted.

Respectfully Submitted,

R. ALEXANDER ACOSTA
Assistant Attorney General

ERIC W. TREENE
JAVIER M. GUZMAN
TAMARA KASSABIAN
JOHN BUCHKO
Attorneys for Plaintiff-Intervenor
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
601 D Street, N.W., Suite 4300
Washington, DC 20530
(202) 514-4092

Dated: March 29, 2004

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EYVINE HEARN, et al. )
    Plaintiffs, )
 )
and )
 )
UNITED STATES OF AMERICA, )
    Plaintiff Intervenor, )  C.A. No. CIV 03 598-S
 )
    v. )
 )
MUSKOGEE PUBLIC SCHOOL )
DISTRICT 020, et al., )
    Defendants. )

## COMPLAINT-IN-INTERVENTION

The United States of America, Plaintiff-Intervenor, alleges as follows:

1.1  This complaint-in-intervention is filed pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and Title IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000h-2.

1.2  This Court has jurisdiction under 28 U.S.C. § 1345 and 42 U.S.C. § 2000h-2.

1.3  Defendants Muskogee Public School District 020 (hereinafter "Muskogee" or "the District"), Dr. Eldon Gleichman, Cheryll Hallum and Gary P. Bivin are responsible for the administration of educational services for all students enrolled in the Muskogee public school system, including Benjamin Franklin Science Academy (hereinafter "Franklin").

1.4  The original complaint in Hearne, et al. v. Muskogee Public School District 020, et al., No. CIV 03-598-S, was filed on October 28, 2003, and was amended on March 15, 2004. In the amended complaint, Plaintiffs allege that Defendants violated, inter alia, the Equal Protection

Clause of the Fourteenth Amendment to the Constitution of the United States, by discriminating on the basis of religion.

1.5  Plaintiffs are citizens of Oklahoma, and seek compensatory damages as a result of the District's discriminatory conduct.

1.6  The District is organized under, and exists pursuant to, the laws of the State of Oklahoma and, as such, is subject to the prohibitions of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Individual Defendants are sued in their official capacities, and, as such, are likewise subject to the Fourteenth Amendment's prohibitions.

1.7  Plaintiff Nashala Hearn is a student enrolled as a sixth grade student at Franklin. Plaintiff Eyvine Hearn is her father.

1.8  This case stems from Defendants' discriminatory application of its dress code policy at Franklin, specifically, a provision that prohibits students from wearing "hats, caps, bandannas, plastic caps or hoods on jackets inside the [school] building." The dress code policies for the District's other schools contain similar prohibitions.

1.9  Defendants have applied their dress code policies to prohibit Nashala, as an adherent of the Islamic faith, from wearing to Franklin a headscarf, called a "hijab."

1.10  In enforcing its dress code policies, Defendants have twice suspended Nashala from school. Presently, Defendants are permitting Nashala to attend Franklin wearing her hijab while Defendants re-evaluate their dress code policies. Defendants have not yet completed their re-evaluation, and it is unknown when that will occur.

1.11 Prior to her first suspension, Nashala had been permitted to attend Franklin wearing her hijab for approximately the first month of the 2003-04 school year.

1.12 Barring Nashala from wearing her hijab places a substantial burden on her exercise of her religious faith.

1.13 Defendants have discriminated on the basis of religion by maintaining a practice or policy under which they permit students, notwithstanding the dress code, to wear head coverings for certain non-religious reasons, but refusing to provide such permission to Nashala.

1.14 Defendants' dress code policies neither serve a compelling interest nor are they narrowly tailored to serve any compelling interest.

1.15 Unless enjoined by this Court, Defendants will continue to violate the Fourteenth Amendment.

1.16 The United States, through intervention in this lawsuit, seeks relief to ensure that Defendants will operate a school system that provides an educational environment free of religious discrimination for its students and that is in compliance with federal law.

1.17 The Assistant Attorney General, pursuant to 42 U.S.C. § 2000h-2, has certified in the attached certification that this is a case of general public importance.

**WHEREFORE**, the United States respectfully requests that this Court:

1. Grant the United States intervention in this case;

2. Declare that Defendants have denied Plaintiffs the equal protection of the laws in violation of the Fourteenth Amendment;

3. Permanently enjoin Defendants, their officers, agents, employees, successors, assigns, and all persons in active concert or participation with them, from all unlawful discrimination against school-age children on the basis of religion;

5. Order Defendants to revise their dress code policies to ensure that they do not discriminate on the basis of religion;

6. Order Defendants to file a report annually with the Court for three years detailing implementation of the revised dress code policies and their application to students enrolled in the District;

7. Order Defendants to provide such relief as is necessary to compensate Plaintiffs for the discrimination to which they were subjected;

8. Grant any additional relief as the needs of justice may require.

Respectfully Submitted,

R. ALEXANDER ACOSTA
Assistant Attorney General
Civil Rights Division

ERIC W. TREENE
JAVIER M. GUZMAN
TAMARA KASSABIAN
JOHN BUCHKO
Attorneys for Plaintiff-Intervenor
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
601 D Street, N.W., Suite 4300
Washington, DC 20530
(202) 514-4092

Dated: March 24, 2004

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EYVINE HEARN, et al.,  )
    Plaintiffs,  )
  )
and  )
  )
UNITED STATES OF AMERICA,  )   C.A. No. CIV 03 598-S
    Plaintiff Intervenor,  )
  )
    v.  )
  )
MUSKOGEE PUBLIC SCHOOL  )
DISTRICT 020, et al.,  )
    Defendants.  )

## CERTIFICATE OF THE ASSISTANT ATTORNEY GENERAL

I, R. Alexander Acosta, United States Assistant Attorney General for Civil Rights, certify that the case of <u>Hearne, et al. v. Muskogee Public School District, et al.</u>, C.A. No. CIV 03-598-S (E.D. Okla.), in which relief is sought from the denial of equal protection on account of religion, is of general public importance within the meaning of Title IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000h-2.

Signed this 29th day of March, 2004.

R. ALEXANDER ACOSTA
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2004, I served copies of the foregoing pleading to the following counsel by Federal Express, priority overnight delivery:

D.D. Hayes, Esq.
Hayes & Ericson
222 North 4th Street
Muskogee, OK 74402

Leah Farish, Esq.
2834 East 26th Place
Tulsa, OK 74114-4310

Rita M. Dunaway, Esq.
The Rutherford Institute
112 Whitewood Road
Charlottesville, VA 22906-7482

Javier M. Guzman